TEXAS & NEW ORLEANS RAILROAD COMPANY v. J. A. OCHILTREE
ET AL.

No. 2160.  Decided May 3, 1911.

**1.—Charge Considered in Entirety.**

An inaccurate expression in the general definition of defendant's duty by the charge will not be held ground for reversal where more specific instructions so apply the law to the facts that the error could not mislead the jury.  (P. 267.)

**2.—Same—Railway—Construction—Drainage.**

A charge imposing upon a railway the duty to construct such culverts and sluices as are necessary to drain the land, though inaccurate in not limiting such obligation to a preservation of the natural drainage, was not reversible error where the subsequent instructions applying the law to the facts authorized a

verdict for plaintiff only upon a finding of facts showing damage by obstruction of the natural drainage according to the lay of the land.   (Pp. 266, 267.)

Error to the Court of Civil Appeals, First District, in an appeal from Orange County.

Ochiltree and another sued the railway company and had judgment. Defendant appealed, and on affirmance obtained writ of error.

*Baker, Botts, Parker & Garwood,* and *Parker, Orgain & Butler,* for plaintiff in error.

*Adams & Huggins,* for appellees.

MR. JUSTICE RAMSEY delivered the opinion of the court.

This was a suit by J. A. Ochiltree and another against the Texas & New Orleans Railroad Company for damages to their crops of rice, due, as was averred, to overflow of their lands caused by the improper construction of appellant's railway and its failure to maintain sluices and culverts sufficient to carry off the natural flow of surface water from their lands. A full statement of the facts is given in the opinion of the Court of Civil Appeals which need not be here repeated. The writ of error was granted because it was believed, as presented, that there was error in the second paragraph of the court's charge, that paragraph being as follows:

"It is the duty of a railroad company on constructing its roadbed to make, construct and keep open such culverts or sluices as the lay of the land requires as are necessary to drain the same, and it would be liable in damages for injury sustained by others in failing to construct and keep open the same."

There is undoubtedly merit in appellant's contention that a railway company is only required to construct and maintain such sluices and culverts as may be necessary to carry off the water naturally draining to and across its right of way and is not required to construct such culverts and sluices as may, under all circumstances, be necessary to drain the adjacent lands.

This instruction, however, is immediately followed by paragraphs 3 and 4 of the court's charge, which are to this effect:

3. "If you believe from a preponderance of the evidence in the case that the plaintiffs, Brown & Ochiltree, had a crop of rice planted on the land described in this petition, by their tenant Womack for the years 1906 and 1907, lying north of defendant railroad's track, and you further believe that the plaintiffs sustained damage to said crops for both or either of said years by reason of the water backing up and standing on the land they had in cultivation, and you further believe that said water was backed upon said land and stood thereon, because the defendant in the construction and maintenance of its roadbed failed to make, construct and keep open sufficiently, culverts to let the water pass, or run off of the crop or crops of the plaintiffs, and you further find that the failure to maintain and keep open said culverts was the proximate cause of damage, if any, to the plaintiffs and that plaintiffs would not have been damaged if they

were damaged, but for the failure of defendant, if it did fail to do so, to construct and keep open sufficiently culverts to drain *and* let pass off the surface water from plaintiffs' crop or crops of rice, you will find for the plaintiffs."

4. "But if you believe that the defendant made and kept open sufficiently culverts along and through its roadbed to drain the surface water from the rice farm of the plaintiffs and that said culverts, if sufficient otherwise to drain said land, were not obstructed in such a way and manner as to prevent the passage of such water as would naturally flow to them under the circumstances and evidence in the case, from the rice farm of the plaintiff you will find for the defendant."

It will be seen that paragraph 3 submits with substantial accuracy the grounds upon which a recovery could be had, and paragraph 4 presents the defense of the railway company with substantial accuracy. It is essential in passing on all charges that they should be read together and construed as a whole, and mere error, general in its character and not submitted as a ground for a finding, but given merely in general terms as a definition, should not operate to cause a reversal of a cause where, in connection with same, the court correctly charges the law directly applicable to the facts, and where, taken as a whole, it is obvious that so considered the jury could not have been misled by the erroneous general language of the charge. A careful consideration of the court's entire charge has convinced us that while not happily expressed it is not erroneous in any substantial respect, such as should operate to reverse the judgment. The other questions were correctly disposed of by the Court of Civil Appeals and need not be here considered.

Finding no error in the judgment, it is affirmed.

*Affirmed.*