MOORE v. NORTON et al. (No. 6310.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 15, 1919.)

1. APPEAL AND ERROR   ⟋719(2), 755—FILING ASSIGNMENTS OF ERROR AND BRIEFS UNNECESSARY.

While it is the better practice, on an appeal from an order refusing a temporary injunction, for the parties to make assignments of error and file briefs, yet it is not necessary to do so.

2. INJUNCTION ⟋133—TEMPORARY INJUNCTION DENIED, REMEDY AT LAW BEING ADEQUATE.

Equity will not grant a temporary injunction requiring tenants to remove from plaintiff's property, but the available remedies provided at law must be followed.

Appeal from District Court, Bexar County; W. W. Walling, Special Judge.

Suit by Elizabeth Moore, acting as guardian of the estate of G. Bedell Moore, a minor, against A. E. Norton and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Lewright & Douglas, of San Antonio, for appellant.

Taliaferro, Cunningham & Birkhead, of San Antonio, for appellees.

COBBS, J. [1] This is an appeal from an order of the district court refusing to grant a temporary injunction. No assignments of error, or briefs, have been filed by either party. While that would be the better practice, it is not necessary to do so.

This suit was instituted by Elizabeth Moore, acting as guardian of the estate of G. Bedell Moore, minor, against A. E. Norton and W. H. Hargis.

Appellant alleges the ownership and possession of the Moore building, located on the corner of Avenue C and Houston street in the city of San Antonio, being an office building containing approximately some 240 rooms.

It is alleged on or about July 7, 1917, appellant rented to appellee Norton and John L. Pridgen and H. M. Bush rooms Nos. 412 and 414 on the fourth floor of said Moore building, to be occupied by said lessees as physicians' office, for the term of one month from July 10, 1917, for the sum of $60 rental, payable monthly in advance, as evidenced by a written agreement signed by appellee Norton, said John L. Pridgen, H. M. Bush, and by the agent of appellant. The lease provided it might be terminated at the end of any month by the lessor giving lessee five days' notice in writing of such intention.

Under the terms of the lease, appellee Norton and John L. Pridgen and H. M. Bush took actual possession of said rooms and occupied them as tenants of appellant, paying the rental thereof. Subsequently John L. Pridgen and H. M. Bush ceased using the offices, but appellee Norton continued therein. Recently, appellee Hargis has been occupying and using said rooms jointly with appellee Norton in pursuance of some agreement between them.

Prior to the institution of this suit, appellant notified appellee Norton that they must vacate said rooms at the expiration of the contract month ending on July 9, 1919, and the lease agreement would be terminated on said date without further notice. About July 7 or 8, 1919, appellees tendered $60 as rental for month beginning July 10, 1919, but appellees became informed they must vacate the rooms on July 9, 1919, and that same would be terminated, and the rent was refused, despite all of which they continued to remain occupying said premises against the consent of appellant.

It is alleged some time prior to July 10, 1919, appellant rented and leased said rooms, 412 and 414, to H. L. Noble, of San Antonio, who had been occupying other rooms in said building, and it is necessary for appellant to have possession of said rooms to comply with contract of said Noble, and unless appellee complied with such contract that appellant would probably lose the opportunity of the rental contract to the said Noble, and thereby become involved in a controversy and possible litigation.

Appellant complains appellees have gone to various other tenants in said building and have sought to persuade them to join in renting offices in another building now under construction in San Antonio, Tex., which will probably be completed for occupancy about November 1, 1919, and appellees will remain in appellant's building until such time, to the exclusion of her tenants, besides creating more or less dissatisfaction with her other tenants, and will induce other tenants to leave the building, and appellant is not able to allege or prove the extent of the injury that will probably be suffered thereby.

Appellant alleges that her entry and remedy by forcible entry and detainer proceedings is wholly inadequate and insufficient for protection, because appellees would be allowed to take an appeal from the adverse decision of the justice of the peace before whom such proceedings may be instituted to the county court for civil cases by giving bond as provided by law, and by perfecting said appeal appellees may remain in actual possession until trial of said forcible entry and detainer proceedings can be had in county court of Bexar county for civil cases, and the said court would not transact any business for civil cases until its September term,

1919, and by the simple device of placing said proceedings on the jury docket in said county court of Bexar county for civil cases, the appellees can and doubtless will delay and postpone the trial of said cause until after November 1, 1919. As a result of such delay on the part of appellees appellant herein will probably lose the benefit of her rental agreement with other persons who would likely vacate their rooms.

It is further alleged that appellant believes appellees have been advised by their attorney that they can thus maintain themselves in the further actual possession of premises until the completion of such new building, and that it will probably be legally impossible for appellant to recover any damages from appellees other than the reasonable rental value of said rooms, costs of suit, and a reasonable attorney's fee for the services of appellant's attorney in said county court of Bexar county for civil cases.

Appellant says that she is now entitled to equitable relief at the hands of this court by way of injunction, mandatory and restraining, because of the total inadequacy of the only legal remedies available to her, and finally prays that the court will order "an early hearing on this application for injunction, and that at said hearing this court will grant plaintiff a temporary injunction, to continue in full force and effect until final trial of this cause can be had upon its merits, commanding and requiring defendants herein, and each of them, forthwith to vacate the premises first above described, and to yield the peaceable possession thereof to plaintiff and her said agent, and further that defendants and each of them be by the court enjoined and restrained from making any further efforts to induce or persuade other tenants of plaintiff to vacate their rooms in said Moore building." There is also a prayer for general and special, legal and equitable, relief.

Appellees filed a full and complete sworn answer containing various exceptions, general and special, and general and special answer fully meeting and controverting all the allegations of appellant's petition.

The court on full hearing refused to grant the temporary injunction.

Much testimony, besides the pleading, was offered to the court below and considered, and after hearing the same the court refused to grant the writ, from which refusal this appeal was taken.

## Opinion.

[2] The appellants were not entitled to a mandatory injunction, requiring appellees to vacate premises of which peaceable possession is held by them. In such cases the available remedies provided by law must be followed, because equity will not lend its aid, by means of a temporary injunction, granting the relief prayed for, to obtain the possession of the property, the effect of which would be virtually to decide the entire case. S. W. Tel. & Tel. Co. v. Smithdeal, 104 Tex. 265, 136 S. W. 1049.

The judgment of the court below is correct, and it is therefore affirmed.