**HILL et ux. v. BROWN et al.**
(No. 294—3559.)

(Commission of Appeals of Texas, Section A. Feb. 8, 1922.)

1. Injunction ⟝16 — Will not issue where there is clear adequate remedy at law.

An injunction will not be granted to a person who has a plain and adequate remedy at law, which is as efficient as the remedy in equity.

2. Injunction ⟝16—Statute does not authorize injunction where remedy· at law is plain.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, subds. 1, 3, authorizing injunction where it appears the party is entitled to the relief demanded, and such relief requires the restraint of some prejudicial act, and in all cases where the applicant is entitled thereto under the principles of equity, and as provided by statute, irrespective of any legal remedy at law, does not authorize the issuance of an injunction regardless of the adequacy of a remedy at law.

3. Landlord and tenant ⟝280—Injunction not issued to compel tenant to yield possession.

A landlord is not entitled to mandatory injunction to compel a tenant to yield possession at the end of the term, since he has a legal remedy by an action for forcible entry and detainer, or, if he does not desire to go into a justice court, by an action of trespass to try title, with an ancillary writ of sequestration to recover possession.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by Mrs. W. V. Brown and husband against J. H. Hill and wife. Judgment for the plaintiffs was affirmed by the Court of Civil Appeals (225 S. W. 780), and defendants bring error. Mandatory injunction dissolved, and judgment reversed, and cause remanded for trial and suit to recover possession.

John White, of Dallas, for plaintiffs in error.

Muse & Muse and Lee Richardson, all of Dallas, for defendants in error.

RANDOLPH, J. This suit was filed by Mrs. W. V. Brown, joined by her husband, as plaintiffs, against J. H. Hill and wife as defendants, in the district court of Dallas county. From a judgment in favor of plaintiffs the defendants appealed to the Court of Civil Appeals for the Fifth supreme judicial district, and, that court having affirmed the judgment of the trial court (225 S. W. 780), the plaintiffs were granted a writ of error, and the case is now before us for consideration.

We shall not attempt to set out the pleadings or evidence in detail, but will make only such statements as in our opinion present the issues now before the Supreme Court on this hearing.

The plaintiff, Mrs. Brown, was the owner in her separate right of certain real estate in the city of Dallas upon which was situated a residence and outhouses. She leased this property to Mrs. Etta Hodnett for a rental of $40 per month. Mrs. Hodnett subleased the premises without the knowledge or consent of the plaintiffs to the defendants. There was a controversy as to the possession under this sublease, and the plaintiffs filed forcible detainer proceedings in the justice court, which terminated in favor of defendants. The plaintiffs took no further steps in the matter until the approach of a new rental term. About May 1, 1920, the plaintiffs had written notice served on defendants, notifying them that possession was demanded. The defendants refusing to give possession, suit was filed in the district court, setting up the facts, praying for judgment for the possession, and for mandatory injunction to compel defendants to vacate, and to restore the possession of the premises to plaintiffs. The defendants claimed that they had an option, which they proceeded to exercise, of retaining the premises for another year after June 1, 1920. On the hearing of the case the court found every material issue in favor of plaintiffs and against the defendants, and decreed the issuance of his mandatory injunction with stipulations for bond, and for replevy bond and cost bond in the event of appeal, that the issuance of the

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

injunction might be suspended pending appeal. The bonds were duly given by the defendants.

[1] The question before us is: Did the district court err in issuing the injunction, the plaintiffs having an adequate and clear legal remedy? The case presented is one where a tenant holds over after the expiration of the term, and the issuance of the mandatory writ was erroneous, if the plaintiffs had their legal remedy—if the law by its process would afford them entirely adequate and effective relief. The general rule is that an injunction will not be granted when the person seeking it has a plain and adequate legal remedy as efficient to the ends of justice as the remedy in equity. Illustrating the general rule we cite: Chisholm v. Adams, 71 Tex. 681, 10 S. W. 336; G., H. & S. A. Ry. Co. v. De Groff, 102 Tex. 441, 118 S. W. 134, 21 L. R. A. (N. S.) 749; Stephens v. T. & P. Ry. Co., 100 Tex. 177, 97 S. W. 309.

The Chisholm Case, supra, was a suit brought by citizens of Rockwall county to enjoin the tax assessor of Kaufman county from assessing the property of the plaintiffs within the territory of Rockwall county. There was involved in this suit the question as to whether certain lands were situated within the boundaries of Rockwall county or of Kaufman county. The injunction was petitioned for to restrain the assessor from the performance of his duties within the bounds of the disputed strip. The Supreme Court held that if the lands were in Rockwall county they should not be assessed for taxes in Kaufman county, but further held that, this being true, it did not necessarily follow that the parties were entitled to the writ of injunction, when they had a clear and adequate remedy at law; that if the lands were listed by the Kaufman county assessor, that fact alone would not make the plaintiffs liable to pay the taxes, nor give a lien on their property, and relegated them to a presentation of the facts to the commissioners' court, holding that this constituted an adequate remedy at law.

In the De Groff Case, the plaintiff brought suit against the Railroad Company, alleging that, owing to the noises and disturbances of the railway engines passing their hotel that their business had been damaged by loss of public patronage, etc., and that their property had depreciated in value. The Supreme Court in its rulings held that it is a well-established principle that the plaintiffs were not entitled to the writ of injunction, as they could recover damages for such loss and depreciation, and that they could not resort to the process of injunction because they had an adequate remedy at law to afford them relief.

In the Stephens Case it appears that the Railroad Company sought to procure the issuance of an injunction against certain state officers to restrain them from performing their several duties as complained of, and giving the statement of the case and their holding thereon as follows:

"It is sufficient for the decision of this case to state that the law in question levied upon every corporation, etc., operating any line of railroad in this state, an occupation tax equal to one per cent. of its gross receipts, and, for the purpose of determining the amount of the tax, the officers of the railroad companies named therein were required to report to the Comptroller of the State on the 1st day of October, 1905, and annually thereafter, the gross receipts of the line of railroad from all sources whatsoever for the year ending on the 30th day of June preceding the date of the report. The Comptroller is required, upon such return, to estimate the tax required by the statute, and to assess and enforce its collection. The only way by which the Comptroller could enforce the collection is to request the Attorney General to bring suit for the tax and penalties, in case the railroad company shall fail to pay them on the 1st day of October, and the Attorney General is authorized and required by law to institute the suits upon the request of the Comptroller. The Treasurer has no duty to perform in connection with the collection of the money, but is only required and authorized to receive it when paid by the taxpayer. It is alleged in the petition that, unless restrained from so doing, the officers made defendants therein would proceed to perform their several duties, and that a suit will be instituted against the railroad company for the recovery of the tax and the penalties. The petition sets out in detail the facts relied upon to show that the law under which the taxes are to be levied and collected is in conflict with the state and federal Constitutions in several particulars. * * *

"The history of this case shows that the remedy at law was and is adequate for the protection of the railroad company. This injunction was applied for and refused in November, 1905, and a suit by the state was then instituted in the same court to recover the taxes and penalties which were sought to be enjoined. To the latter suit the defendant answered all the matters and things set up in the petition for injunction. The case was tried in the district court, removed to the Court of Civil Appeals and thence to this court, and during all of that time the defendant in error has not been disturbed in the possession or control of its property, nor suffered any injury whatever, but has enjoyed to its fullest extent the ordinary course of the law in making its defense to the demands of the state. It would be a waste of time to enter into an argument to show the existence of such a remedy when it has been so effectually used in connection with this very proceeding. The injunction should have been denied because there was an adequate remedy at law. * * * *"

[2] The two subdivisions of article 4643, Vernon's Sayles' Ann. Civil Statutes 1914, subdivisions 1 and 3, providing for the issuance of writs of injunctions by district and county judges, are as follows:

"1. Where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant. * * *

"3. In all cases where the applicant for such writ may show himself entitled thereto under the principles of equity, and as provided by statutes in all other acts of this state, providing for the granting of injunctions, or where a cloud would be put on the title of real estate being sold under an execution against a person, partnership or corporation, having no interest in such real estate subject to the execution at the time of the sale, or irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy at law."

In the case of Sumner v. Crawford, 91 Tex. 130, 41 S. W. 994, construing the language of this article, the question before the Supreme Court was:

"Can a trustee in possession of a stock of goods conveyed to him by a firm to be sold to raise funds to pay certain partnership and individual debts of such firm and its members, by injunction compel the restoration of certain staple goods of such stock seized and taken from his possession by virtue of an execution against one of the partners, upon a showing by such trustee that, by reason of the taking of such goods the remainder of the stock would be greatly depreciated in value and the trust estate thereby greatly damaged."

In answering this question the Supreme Court, passing on the contention that the trustee had an adequate remedy by suit for damages against the officer, and therefore was not entitled to any injunction, say:

"But it is contended that the trustee had an adequate remedy by suit for damages against the officer, and therefore was not entitled to an injunction. We have been cited to no authority which would have permitted him in such a suit to recover the loss the trust estate would have suffered by reason of the trustee's not being able to sell the goods not seized for as great a sum as he could have sold them for if the goods levied upon had not been taken out of the stock. It would be very difficult to estimate such loss. We do not think a court of equity should turn away the trustee seeking its aid in the execution of the trust, because of the existence of a remedy so doubtful as to its adequacy. 'It is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and efficient to the ends of justice and its prompt administration, as the remedy in equity.' Watson v. Sutherland, 5 Wall. 74; North v. Peters, 133 U. S. 271. In courts administering both law and equity, like ours, the rules denying injunction when there is a remedy at law should not be applied as rigidly as at common law where the issuance of the writ in equity was, to a certain extent, an invasion of the jurisdiction of another tribunal. If, as here, the applicant shows a clear right to be left in the undisturbed possession of certain property and that such right is about to be invaded without semblance of right by another, such in-

vasion, on principle, should be prevented in its incipiency by injunction, instead of allowing the injury to be inflicted and then leaving the party to his legally adequate, but in fact generally very inadequate, remedy of an action for damages.

"While it is not necessary in this case, if we are correct in the statement of the above principles, to so hold, still we deem it proper to say that we are strongly inclined to the opinion that Rev. Stats. art. 2989, authorizes the injunction in this case, though the proceeding for trial of right of property and the action for damages should be held adequate remedies within the rule denying an injunction in such case at common law. The first portion of the article provides that the injunction may issue 'where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief, or any part thereof, requires the restraint of some act· prejudicial to the applicant.' And the latter provides that it may issue 'in all other cases where the applicant for such writ may show himself entitled thereto under the principles of equity.' It will be observed that the latter portion of the article requires the case to be brought within the rules of equity, and does not undertake to state the circumstances entitling the applicant to the writ, and therefore, under it, it must appear that there is not an adequate remedy at law as that term has always been understood; but the first portion of the article does state what facts will justify the issuance of the writ thereunder and does not require that there shall be no adequate remedy at law. In other words, it provides that the writ may issue where it appears, (1) that the applicant is entitled to the relief demanded; and (2) that in order to give such relief, the restraint of some act is necessary. In this case it appeared, (1) that the trustee was entitled under the law to have and retain the goods for the purpose of subjecting them to the trust as demanded by him; and (2) that in order for the court to accord to him such right it was necessary to restrain defendants from taking, retaining or selling the goods seized. This provision of the statute is most significant when it is considered that it was first incorporated into our law in the Revised Statutes of 1879, soon after the decision of Ferguson v. Herring, supra, in 1878."

In the above case it will be seen that the facts show that the law did not furnish an adequate remedy, in that compensation for the damage inflicted by the taking of the part of the goods would not and could not be made to pay for the loss suffered by the residue of the stock not taken. It will be further observed that the Supreme Court in that case is only "strongly inclined to the opinion" that the statute authorizes the injunction in that case, even though the proceedings for trial of the right of property and the action for damages should be held adequate remedies within the rule denying an injunction in such case at common law, and discuss the wording of subdivision 1 which provides that injunction may issue "where it shall appear that the party applying for such

writ is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to the applicant." In the above case it clearly appears from the evidence that the writ should have been issued, because there was no adequate remedy at law as effective as the remedy in equity, and the court distinctly states that it was not necessary to hold that the injunction was authorized by the statute, regardless of legal remedies, and that the court was only "inclined" to that holding.

In the case of Southwestern Tel. & Tel. Co. v. Smithdeal, 104 Tex. 264, 136 S. W. 1049, the Supreme Court in approving the case of Sumner v. Crawford, supra, say:

"The tendency of the holding of the Supreme Court has been in recent years to so modify the common-law doctrine of denying the equitable remedy of injunction where there exists an adequate remedy at law, as that remedy is commonly understood, as to hold that article 2980, Revised Statutes, gives the remedy by injunction not only 'in all cases where the applicant for the writ may show himself entitled thereto under the principles of equity,' but in addition thereto the remedy by injunction is given 'where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief, or any part thereof, requires the restraint of some act prejudicial to the applicant.' Sumner v. Crawford, 91 Tex. 129. In the case under consideration plaintiff's pleadings clearly entitle him to the mandatory injunction sought, but the evidence does not sustain the pleadings in that regard in the remotest degree. The evidence does, however, show that defendant would not be authorized to destroy plaintiff's trees growing in the sidewalk abutting his property, for the reason that such extraordinary authority must result from reasonable necessity, and the evidence shows on this point that no reasonable necessity existed for the destruction of such trees in order to maintain defendant's structures, but on the other hand there is no evidence that the wires or cables of defendant's telephone line if left in their present place would destroy plaintiff's trees. Applying the principles here laid down, if it were shown that the wires or cables of defendant's line, left in their then place would kill or destroy plaintiff's trees, he would be entitled to the extraordinary remedy sought, although he would have his action for damages for the destruction of his trees. Theoretically this would be an adequate remedy at law denying him the equitable remedy by injunction; but practically it would be inadequate, for under the well established rule fixing the measure of damage for destruction of shade trees, such claim would be confined to the effect the destruction of such trees would have toward depreciating the 'market value' of the abutting property, while the full measure of damage could never be reached without invading the realm of sentiment, which the staid rules of law deny. High on Inj. § 727; Elliott on Roads & Streets, §§ 665, 706."

Clearly again, it was necessary in the above case for the protection of the parties seeking relief in that case that an injunction issue, as it was the only remedy that would furnish adequate relief as called for in the petition. But the court holds that the evidence does not sustain the pleadings.

[3] In the case at bar there were two legal remedies which the plaintiffs could have called to their aid in protecting their rights: (1) The action of forcible detainer; and (2) the action of trespass to try title, or, as in this case, a suit to recover possession, with the ancillary writ of sequestration.

If the plaintiffs did not desire to again invoke the jurisdiction of the justice court they could have, in the very court whose jurisdiction they did invoke, have obtained their writ of sequestration, and had the property taken into the custody of the court. The petition in this case presents no case of waste of revenues which could not have been stopped by the writ of sequestration, but simply shows tenants holding over "in defiance of the rights of the plaintiffs." There are no allegations calling for the exercise of the equity powers of the court except the general allegation that—

The "plaintiffs show that they are unable to obtain possession of said premises by reason of the unlawful acts of the defendants; that they have no adequate remedy at law against said defendants and will suffer irreparable injury and damage unless this honorable court shall exercise its injunctional power and issue its mandatory injunction, ordering and commanding said defendants to vacate and surrender said possession," etc.

We do not think it was the intention of the Legislature in the enactment of the injunction statutes above set out to simply provide a choice of remedies for litigants, but that the intention was to provide a remedy to cover those injuries for which there was not clear, full, and adequate relief at law. Nor did our Supreme Court intend to abrogate the distinction between law and equity in the application of the remedies provided under each system, but only intended to furnish a complete safeguard under the equitable jurisdiction of our courts for the protection of parties invoking same, who show that they are "entitled to same."

We therefore recommend that the mandatory injunction granted and issued in this case be dissolved, and that the judgment of the Court of Civil Appeals and district court be reversed, and that the cause be remanded for trial in the district court on the merits of the suit to recover possession.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.