MERCER v. FITZHUGH et al.   (No. 10992.)

(Court of Civil Appeals of Texas. Fort Worth. April 12, 1924.)

Landlord and tenant ⟐⟐280—Tenant not to be compelled by mandatory injunction to yield possession at end of term, having adequate remedy at law.

Landlord is not entitled to mandatory injunction to compel tenant to yield possession at end of term on allegations that he refuses to surrender, and has been injuring, damaging, and impairing the property and premises; Rev. St. art. 7094, subd. 4, under head of "Sequestration," providing an adequate remedy at law.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by Mrs. Julia V. Fitzhugh and husband against L. D. Mercer. From judgment for plaintiffs, defendant appeals. Reversed and remanded.

J. E. Mercer, of Fort Worth, for appellant.
Chas. T. Rowland, of Fort Worth, for appellee.

BUCK, J. L. D. Mercer, defendant below, appeals from a mandatory and prohibitory injunction issued by the judge of the Sixty-

Seventh judicial district in chambers, and also appeals from an order and judgment overruling the motion to dissolve. Mrs. Julia V. Fitzhugh, joined by her husband, W. B. Fitzhugh, sued L. D. Mercer, alleging: That the plaintiffs had made an oral contract with the defendant for the lease and rent for one year of certain premises located in Tarrant county, Tex.; the said lease was for the purpose of having defendant cultivate and farm said premises; that defendant had in many respects violated his contract, and that more than one year had elapsed since the making of said contract of lease, and that plaintiff had notified said defendant that she would not lease the premises to him for a second year, but that defendant refused to leave said premises, and continued to hold possession of the same. Wherefore plaintiff prayed that defendant be directed and required to file a full and complete inventory, list, and statement of the corn and cotton and cotton seed grown on said premises during the year 1923, and make a full and complete accounting therefor.

It is further alleged that defendant, since December 31, 1923, has been injuring, damaging, and impairing the property and premises, and that he will continue to do so unless enjoined and prohibited by order of the district court; that the defendant has denied these plaintiffs the right to enter upon and enjoy said premises, or any part thereof, and that defendant is running live stock on said land and using the pasturage thereof, injuring and damaging the turf and soil, etc.

The court, in chambers, without a hearing, granted the injunction, using, in part, the following words:

"It is the order of this court that you, L. D. Mercer, your agents, servants, subtenants, are hereby restrained and enjoined from going upon the said 220 acres of land described in plaintiffs' petition, and from molesting, harming, interfering or otherwise disturbing plaintiffs in the peaceful possession, occupancy, and enjoyment of said land and the improvements thereon. You are further enjoined from permitting or suffering so to be done, any live stock belonging to you or under your control from pasturing upon, roaming, or otherwise remaining upon said 220 acres of land. You are further enjoined from doing any other matter or thing that may interfere with or tend to interfere with plaintiffs' premises or any part thereof."

Later the defendant filed a motion to dissolve, setting up that there was afforded plaintiffs in their cause of action, if any they had, as shown by their petition, a legal and adequate remedy at law, to wit, an action of forcible detainer, and an action of trespass to try title, or, as in the case alleged, a suit to recover possession with the ancillary writ of sequestration, as provided by the statutes of this state. The defendant further denied that he owed plaintiffs any money or was injuring their property, and claimed that he was wholly solvent, and possessed sufficient and permanent assets above any exemptions to secure the plaintiffs in any judgment they might be awarded against him. The court overruled the motion to dissolve, and the defendant has appealed.

One of appellant's assignments is that a party is not entitled to the equitable writ of injunction when the law provides a full, plain, complete, and adequate remedy at law; that a landlord is not entitled to a mandatory injunction to compel a tenant to yield possession at the end of a term. In the case of Hill et ux. v. Brown, 237 S. W. 252, by the Commission of Appeals, and approved by the Supreme Court, it was alleged in plaintiffs' petition that:

"They are unable to obtain possession of said premises by reason of the unlawful acts of the defendants; that they have no adequate remedy at law against said defendants, and will suffer irreparable injury and damage unless this honorable court shall exercise its injunctional power and issue its mandatory injunction, ordering and commanding said defendants to vacate and surrender said possession," etc.

With reference to a judgment of the trial court granting the injunction prayed for, the Commission of Appeals says:

"We do not think it was the intention of the Legislature in the enactment of the injunction statutes above set out to simply provide a choice of remedies for litigants, but that the intention was to provide a remedy to cover those injuries for which there was not clear, full, and adequate relief at law. Nor did our Supreme Court intend to abrogate the distinction between law and equity in the application of the remedies provided under each system, but only intended to furnish a complete safeguard under the equitable jurisdiction of our courts for the protection of parties invoking same, who show that they are 'entitled to same.' "

In Simms v. Reisner (Tex. Civ. App.) 134 S. W. 278, it is said, quoting from the syllabus:

"It is not the function of a preliminary injunction to transfer the possession of land from one person to another pending an adjudication of title, unless the possession has been forcibly or fraudulently obtained by defendant and the equities require that the possession thus wrongfully invaded be restored, and the original status preserved pending the decision of the issue of title."

In Moore v. Norton, 215 S. W. 373, by the San Antonio Court of Civil Appeals, it is said that equity will not grant a temporary injunction requiring tenants to remove from plaintiff's property, but the available remedies provided at law must be followed, citing S. W. Tel. & Tel. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049.

We think that article 7094, subd. 4, Rev. Statutes, under the head of "Sequestration,"

if not other articles of the statutes, provides a full, plain, complete, and adequate remedy at law for the wrongs and injuries alleged by plaintiffs in their petition; that under the authorities cited in this opinion, as well as others in the reports, such as G., H. & S. A. Ry. Co. v. De Groff, 102 Tex. 443, 118 S. W. 134, 21 L. R. A. (N. S.) 749, and Bateson v. Choate & Hemphill, 85 Tex. 239, 20 S. W. 64, the trial court erred in not dissolving the temporary mandatory writ of injunction.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.