**LONG v. COLLINS et al.** (No. 3089.) *

Court of Civil Appeals of Texas. Amarillo. Oct. 31, 1928.

Rehearing Denied Jan. 9, 1929.

Schenck & Triplett, of Lubbock, for appellant.

Ayres & Payne, of Floydad, for appellees.

HALL, C. J. Mrs. Long instituted this suit against W. M. Collins, who, she alleges, was her tenant under a certain farm lease. She makes three other parties defendants, alleging that they are sublessees or employés of the appellee, assisting him in cultivating the lands which she leased to W. M. Collins only.

The suit is primarily for an accounting and for the recovery of damages and rents alleged to be due her in the sum of $2,500. The pleadings are voluminous, and the issues may be determined from the prayer of the petition. As incidental to the relief sought, she prays for a temporary writ of injunction, and that upon final hearing it be made permanent. She prays that a writ of injunction issue, restraining the defendants and each of them from driving her cattle from pasture land belonging to her and from molesting or interfering with said cattle in any way; that the defendants be restrained from placing any tacks, nails, or other obstruction along the driveways of her property or on her premises, from carrying pistols upon the premises under her exclusive ownership or control, and from using either pistols or guns in a threatening way toward her upon her lands and premises not included in the lease contract, and from the threatening use of such arms upon other lands on the place, from trespassing upon lands occupied by plaintiff and not included in the lease to Collins, from plowing up the said crop then on the premises, and planting row crops in its stead.

She admits the right of Collins to enter upon the premises for the purpose of harvesting his wheat and his right to enter upon the lands not leased to him, which plaintiff occupies, for the purpose of getting the necessary tools and machinery to cultivate and harvest the crops upon the leased land.

It appears that in 1925 she was the owner of several sections of land in Floyd county; that she leased about 1,000 acres out of three different sections to Collins for farming purposes. It appears that the lease or leases were verbal. According to her contention, she leased the land first in 1925 for the crop year of 1925–26, and renewed the lease again in 1926 and again in 1927, insisting that the lease expires after the wheat is harvested in the summer of 1928. She testified that she did not have a written contract for three years with Collins, but only leased him the land one year at a time.

■ According to Collins' testimony and that of one of his witnesses, there was a verbal lease of the premises made in 1925 for three years. If his contention is true, his lease is void under the Statute of Frauds (Rev. St. 1925, art. 3995) but the appellant does not seek to cancel the lease or to oust him from the premises. Sorrells v. Goldberg, 34 Tex. Civ. App. 265, 78 S. W. 711; Pinto v. Rintleman (Tex. Civ. App.) 92 S. W. 1003; Hill v. Hunter (Tex. Civ. App.) 157 S. W. 247;

*Writ of error dismissed.

Vaughn v. Pearce (Tex. Civ. App.) 153 S. W. 171.

The court granted a temporary writ of injunction on the 28th day of April, 1928, and, on the 26th day of May following, heard the defendants' motion to dissolve. After hearing the pleadings, supporting affidavits, and evidence, the court dissolved the temporary writ, and from this order this appeal is prosecuted.

 Numerous contentions are urged by appellant, which we deem it unnecessary to consider in detail. The answer of the defendants denied every material allegation in the petition. The appellant did not allege that the defendants were insolvent. If they could be made to respond in damages, then she has an adequate remedy at law for the wrongs which she claims have been inflicted, and the court did not err in dissolving the temporary injunction. City National Bank v. Folsom (Tex. Civ. App.) 247 S. W. 591; Hill v. Brown (Tex. Com. App.) 237 S. W. 252; Mercer v. Fitzhugh (Tex. Civ. App.) 261 S. W. 819, and authorities therein cited.

There is some testimony in the record which tends to show that under the contract between appellant and appellee, Collins is a cropper rather than a tenant. Cry v. J. W. Bass Hardware Co. (Tex. Civ. App.) 273 S. W. 347. The case, however, has been tried upon the theory that the relation of landlord and tenant exists, and upon the authority of the last-cited case we think the court correctly considered the case as one between landlord and tenant, rather than an action between cotenants.

Because it appears from the petition, as well as from the evidence, that the appellant has a full, complete, and adequate legal remedy, and for the further reason that it is not shown that the defendants are insolvent, we affirm the judgment.