**JOWELL et al. v. CARNINE.** (No. 2382.)

Court of Civil Appeals of Texas. El Paso.
Oct. 17, 1929.

Rehearing Denied Oct. 24, 1929.

Chas. Gibbs, of San Angelo, and L. A. Dale, of Pecos, for appellants.

Hubbard & Kerr and H. G. Russell, all of Pecos, for appellee.

HIGGINS, J. Appellee, Charles F. Carnine, filed his petition in the district court of Reeves county, against appellants and others,

in the usual form of trespass to try title to recover the lands described in his petition, and pleaded that he was the owner of the lands in question and entitled to the possession thereof, as to certain of the lands, and as to others therein mentioned he held same under a lease executed by the owners thereof, and as to said lands he was entitled to possession; that certain of the defendants, including these appellants, were in possession of said lands, including those he claimed to own, as well as those he held under lease, and were grazing their cattle thereon and were tenants of appellee on the 30th day of April of this year; that appellant Spencer Jowell, on or about February 27, 1929, secured a 10-year alleged lease contract from his codefendant George Harris, in which the said George Harris undertook, as appellee's agent and attorney in fact, to lease said lands to Jowell, but denied such agency and power to have existed; that on or about the 30th of April, 1929, appellee demanded possession of said lands, and threatened appellants with suit to remove them from said premises, and that appellants, acting through Myrl Jowell, agreed to deliver possession of said premises and requested a period of time in which to remove their cattle therefrom, and they thereby recognized the right and title of appellee to said property; that, notwithstanding this, and a subsequent agreement that said lands would be surrendered on September 1, 1929, the said George Harris, on or about August 27, 1929, executed and delivered to appellant Jowell a deed to the owned lands, and that same was placed of record and constituted a slander on appellee's title. Appellee pleads estoppel of appellants to deny his title by reason of the premises; that appellants were maintaining large herds of cattle and horses on said lands, and that the grass has been partially destroyed, and, if continued, would be entirely destroyed, thereby inflicting irreparable injury upon appellee; that appellee is without adequate remedy at law. Appellee prayed that, pending final determination, injunction issue restraining appellants from maintaining their possession of said lands and from trespassing thereon and commanding them to restore the possession of said ranch to appellee, and commanding them to remove all cattle therefrom and for citation, and upon final trial that he have judgment for the title and possession of said ranch, and canceling the cloud upon his title by reason of appellants' acts in the execution and record of said deed, and that he have a money judgment for damages as prayed for.

Appellant Spencer Jowell, in addition to his plea of not guilty and of general denial, pleaded that he had been for a period of three years tenant of appellee as trustee, and that he was at the time of the hearing for the temporary injunction in possession of the owned lands by virtue of a deed of conveyance executed by one George Harris, as grantor, to him, as grantee, dated August 27, 1929, and that George Harris was at said time the owner of the equitable title to said lands and had a right to convey same to the appellant; that on or about the 29th day of August, 1924, the said George Harris procured said lands to be purchased for his benefit, and that the title was placed in the name of appellee as trustee for one Frank E. Kistler of Denver, Colo., to secure the said Kistler for a loan of a sufficient amount of money to pay the cash consideration for said lands, and that the loan was utilized by the said Harris for said purpose; that, as a part of said agreement, upon payment of a lump sum of $10,000 to the said Kistler, Kistler would cause the said lands to be conveyed by appellee, the trustee, to the said Harris or his assigns; that thereby the record title became vested in the appellee as trustee for the said Harris, subject to the payment of the said sum of $10,000 to the said Kistler, and that the said Carnine had and has no title or interest in the said lands except as trustee aforesaid, and is without authority to assert any other claim thereto; that, by reason of the fact that the record title was placed in the name of appellee and for the purpose of enabling said Harris to lease his said lands and otherwise exercise control over same without the necessity of procuring the signature of appellee, Carnine, the said Kistler caused appellee to execute a power of attorney authorizing the said Harris to lease the said premises, which was done, and that appellants actually held said lands under such a lease for a period of three years, and that the said Harris also leased said lands for oil and gas, and that the rentals from said leases have been remitted to the said Kistler to be credited upon the sum of $10,000 due to him on said original purchase contract; that said appellants, in accepting deed from said Harris, assumed the payment of whatever balance might be owing to the said Kistler, and he makes tender of any balance of indebtedness to the said Kistler and otherwise offers to do equity; that the non-owned lands, being those held under lease by appellee, were caused to be placed in appellee's name under the same trust conditions as that which applied to the owned lands, and that the said Harris has conveyed the said leasehold interests to Spencer Jowell, and that he is thereby entitled to retain possession of said leased lands; that there was no attornment to appellee except as trustee as above stated, and that appellants' possession of such ranch prior to the repudiation of said trust by appellee was in keeping with said trust agreement and with the knowledge and consent of appellee and of the beneficiaries under said trust. The answer denies that the grasses on said lands have been in any manner damaged; that appellants have about 600 head of mother cows running on said ranch, and that they have no place to which

they can remove them, and that a mandatory injunction requiring such removal would result in serious loss to them; that the firm of Spencer Jowell & Son is solvent with a net financial responsibility of about $30,000, and that they can promptly pay any reasonable damage to the lands in question that may be assessed against them.

The answer denies slander of title, and denies the charge of conspiracy with the said Harris or with any one else, and says that the letter written by Myrl Jowell, referred to in paragraph 5 of plaintiff's petition, was written by Myrl Jowell in total ignorance of the terms of said trust, and that appellants' possession of said premises was not obtained through force nor through fraud, but under the circumstances stated above, and he alleges that the appellee has repudiated said trust and is now asserting title to the lands in himself. There is a prayer that upon a hearing the writ of temporary injunction be denied, and that upon final hearing he have judgment construing said conveyance as originally made under said alleged trust agreement, and that record title be divested out of appellee, and quieting same in said appellant and asked for general relief.

Appellants Myrl Jowell and George Harris answered, adopting the answer of Spencer Jowell, and making same their own. Holt Jowell disclaimed any interest in the matters in controversy.

A hearing was had on the 25th day of September, 1929, being the time theretofore set by the judge for such hearing; evidence was heard, and at the conclusion of the hearing mandatory injunction was ordered to issue at the expiration of 30 days from the said 25th day of September upon appellee as plaintiff below, executing bond in the sum of $2,500. From this order, the defendants appeal.

It will be observed the answer of defendants undertakes to set up a superior title, but the evidence adduced upon the hearing discloses that the fee-simple title is vested in appellee. The appellants' own evidence shows this to be true. The evidence shows simply a wrongful holding over by the tenants Jowell after the expiration of the term for which the land was let to them.

"'Mandatory injunctions will never be granted unless extreme or very serious damage at least will ensue from withholding that relief; and each case must of course depend on its own circumstances.'" 16 Am. & Eng. Ency. Law (2d Ed.) 342, quoted with approval in S. W. Tel. & Tel. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049, 1052.

■ Where the law furnishes a clear, adequate, and complete remedy, a court of equity will not grant relief by injunction. Hill v. Brown (Tex. Com. App.) 237 S. W. 252; Malone v. U. S. F. & G. Co. (Tex. Civ. App.) 9 S.W.(2d) 461; Long v. Collins (Tex. Civ. App.) 12 S.W.(2d) 252; West Texas, etc., v. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 597; New Amsterdam, etc., v. Harrington (Tex. Civ. App.) 297 S. W. 307.

■ In accordance with the last-stated principle, it has been several times recently held that a mandatory injunction will not lie at the suit of a landlord to oust a tenant wrongfully holding over: Hill v. Brown, supra; Corpus Christi, etc., v. Corpus Christi, etc. (Tex. Civ. App.) 8 S.W.(2d) 955; Mercer v. Fitzhugh (Tex. Civ. App.) 261 S. W. 819; Moore v. Norton (Tex. Civ. App.) 215 S. W. 373; City Nat. Bank v. Folsom (Tex. Civ. App.) 247 S. W. 591.

■ The evidence adduced upon the hearing is uncontroverted, and brings the present suit within the rule announced in the cases cited. The only allegations in the petition which can be construed as setting up any ground for equitable relief are those to the effect that appellants were maintaining large herds of cattle and horses on the land, thereby partially destroying the grass, and, if continued to be so grazed, would entirely destroy such grass. The evidence discloses appellants are not overstocking the land. There is no allegation that defendants are insolvent. The proof showed they were solvent and able to respond in damages.

The evidence wholly fails to show any equitable ground for the temporary writ of injunction. Appellee may maintain an action at law for any damages he may sustain by reason of the wrongful holding over. He may also resort to the ancillary writ of sequestration. His remedy at law is clear, adequate, and complete. For this reason the temporary writ should have been denied.

The propositions of law presented in appellee's brief in support of the lower court's order have no application to the facts in the present case.

Reversed, and judgment rendered denying the temporary injunction.