## MARSHALL et al. v. SMITH.

### No. 2774.

Court of Civil Appeals of Texas. El Paso.

' Dec. 22, 1932.

Rehearing Denied Jan. 12, 1933.

W. H. Hall, C. E. Farrall, and B. W. Ashworth, all of Dallas, for appellants.

Roger Q. Mason, of Dallas, and W. J. Durham, of Sherman, for appellee.

HIGGINS, J.

This is an injunction suit filed February 4, 1932, by appellee Smith against appellants Marshall and others who were sued "in their individual capacities and as members, officers and agents of the Spring Hill Avenue Baptist Church, a religious society or association."

The plaintiff alleged that he is the owner in fee simple of lot No. 1 of Wahoo addition to the city of Dallas, and injunction was sought to restrain the defendants from disturbing him in his possession, trespassing upon the premises, etc.

Upon trial the defendants were perpetually enjoined, as prayed by the plaintiff.

The evidence discloses the controversy is simply over the title to and right of possession of the lot described in the petition upon which there is a house which for a number of years prior to the institution of the suit had been used by the members of the church mentioned as a place of worship. At the time the case was tried, the church property or much of it was still in the building. Plaintiff at one time had served as treasurer of the church. The organization had used the building under some character of rental or sales contract with the former owner, and later under some character of arrangement with the plaintiff.

We need not state the evidence in detail. It is sufficient to say it shows the controversy involves simply the title to and right of possession of the house and lot described in the petition.

It is well settled that in controversies of this nature the equitable remedy of injunction is not to be substituted for the legal remedy of trespass to try title and the ancillary writ of sequestration. Woman's Club of Ysleta v. Hutchins (Tex. Civ. App.) 40 S.W. (2d) 960; Allen & Yarbrough v. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 1102; Hill v. Brown (Tex. Com. App.) 237 S. W. 252; Jowell v. Carnine (Tex. Civ. App.) 20 S.W.(2d) 1087; City Nat. Bank v. Folsom (Tex. Civ. App.) 247 S. W. 591.

The propositions presenting this point are sustained, and the cause remanded to permit plaintiff, if he so elects, to amend his pleadings so that he may avail himself of the proper legal remedy.

Reversed and remanded.