Carlton & Ragan, of Fort Worth, for appellants.

Houtchens & Houtchens, J. Elwood Winters, and J. Harold Craik, all of Fort Worth, for appellee.

BROWN, Justice.

On October 19, 1933, in the county court at law, No. 2, of Tarrant county, H. I. Moreland and Mrs. M. E. Moreland recovered a judgment against one W. P. Wise in the sum of about $300, and in due course had an execution thereon issued placed in the hands of the constable of precinct No. 1 of Tarrant county, who attempted to levy same upon the goods exposed for sale and the fixtures and furniture located in a grocery and market establishment, situated in No. 2523 Azle avenue, city of Fort Worth, Tex., within the above-mentioned constable's precinct.

On December 8, 1933, appellee, C. D. Wise, filed a petition in said county court, making H. I. and Mrs. M. E. Moreland, and said constable, defendants, asking that a temporary restraining order be granted the complainant, enjoining and restraining the defendants from levying the writ of execution upon the above-mentioned personal property; alleging that appellee was not a party to the cause in which appellants obtained the judgment, out of which the execution grew, and that he was the owner of such personal property, and that the defendants in the said suit and in the execution had no right, title, or interest therein; and closed the petition as follows: "Plaintiff would further show that neither the said W.

**MORELAND et al. v. WISE.**

No. 13118.

Court of Civil Appeals of Texas.
Fort Worth.

March 8, 1935.

Rehearing Denied April 12, 1935.

P. Wise, nor any of the defendants in said cause, now have any right, title or interest in said store, fixtures or stock, and that if the execution upon said cause is permitted to be levied upon plaintiff's said property, plaintiff will suffer great and irreparable injury, for which he has no complete and adequate remedy at law."

The petition then prayed for the temporary restraining order, and that upon a final hearing it be permanent.

The petition appears sworn to on December 9, 1933, but same was filed December 8th, and the bond, fixed by the court, was executed December 8th, and approved by the court. The date of the judge's order, granting the temporary writ, is not shown.

Appellants directed a general demurrer and a general denial to the petition.

The cause was tried to the court on February 27, 1934, on its merits.

Appellants' general demurrer was overruled and proper exception taken. After hearing such evidence as was presented, the court rendered judgment, finding that the property sought to be levied upon was owned by appellee, that W. P. Wise owns no title to or interest therein, and making permanent the injunction prayed for. The Morelands have appealed.

Appellee testified that he was the owner of the store and grocery business; that "we had to take the store 'over'"; that Frank Record and W. P. Wise owned it and he purchased it from them about the middle of December, 1932.

It appears that W. P. Wise is the father of appellee, C. D. Wise.

Appellee testified that he received a bill of sale to the property and identified the instrument, which is as follows:

"Know all men by these presents, that I, W. P. Wise, of the City of Fort Worth, Texas, county of Tarrant, and State of Texas, W. P. Wise, of the first part, for and in consideration of the sum of $10.00 Ten Dollars and other valuable consideration, in hand paid this date by the said C. D. Wise, and the said W. P. Wise, does agree to let the said C. D. Wise have the privilege to carry on said business under the same firm name until he sees fit to change the name, if he sees fit to at any date, and the said W. P. Wise agrees to operate said store for the said C. D. Wise until he can take full charge of store himself at any date, but let it be fully known that the said C. D. Wise is the exclusive owner of said grocery store located at #2523 Azle Road, N. Ft. Worth, Texas, Rosen Heights. This bill of sale covers each piece of fixtures and furniture and entire stock of said groceris. And I, W. P. Wise, party of the first part, do vouch to be the true and lawful owner of said goods and chattels, and property, and have in hand full power, good rights and lawful authority to dispose of the said goods and chattels and property, in manner, as aforesaid, and I do, for his heirs, executors and administrators, covenant and agree to and with the second party of the second part, to warrant and defend the said goods, chattels and property to the said C. D. Wise, party of the second part, and his executors, administrators and assigns, against the lawful claims and demands of all and every person and persons whomsoever.

"In witness whereof I, W. P. Wise, have hereunto set my hand and seal, this December 15th, 1932, A. D.

    "[Signed]  W. P. Wise
           "Mary Wise

"Subscribed and sworn to before me this 15th day of December, 1932, A. D. [Signed] E. Hutchings, Notary Public, Tarrant County, Texas. [Seal.]

"My Commission expires Junt 1st, 1933."

On the back of the above instrument is shown the following:

"W. W. Miller, County Clerk, Tarrant County, Texas, October 24, 1933, 2:47 P. M., received and filed. Vol. 16, page 537.

"State of Texas, County of Tarrant.

"I hereby certify that this instrument was truly and correctly recorded this the 26th day of Oct. A. D. 1933, at 4:30 o'Clock, P. M., in the B. S. Record of Tarrant County, Texas, in vol. 16, page 537."

The record discloses that both W. P. Wise and C. D. Wise were witnesses in and testified upon the trial of the suit filed by appellants against W. P. Wise.

Appellants sought to prove that upon the trial of such cause (in which the judgment was rendered, supporting the execution in controversy), W. P. Wise testified that the business belonged to him. The trial court denied appellants such right, on the theory that no predicate had been laid to properly impeach W. P. Wise.

We think the evidence was admissible as bearing upon the bona fides of the transaction (whatever that was) disclosed by the so-called bill of sale, which instrument seems to be dated and "sworn to" on December 15, 1932, but not filed for record un-

til October 26, 1933, almost eleven months after its purported execution, and immediately after appellants obtained their judgment against W. P. Wise.

The trial court did admit the testimony given by C. D. Wise, appellee, on such trial. Appellee simply did not remember what he had testified to in relation to the said store and business, but his former testimony shows that he claims to be then "engaged in the grocery business," and was asked: "Where is your grocery store now located?" To which he answered: "I am helping my father over on 2523 Azle Avenue."

The transaction, from the record before us, smells of fraud.

The former testimony of W. P. Wise is clearly admissible on the issue of who owned the property sought to be subjected to appellants' judgment against W. P. Wise, and the fact that W. P. Wise was not a witness in the instant suit renders it no less admissible. He and C. D. Wise, who now claims to own the personal property in controversy, were interested in the subject-matter of the first suit, and voluntarily testified therein concerning the ownership of the property; both of said witnesses appearing for and in behalf of W. P. Wise and testifying to the ownership being in W. P. Wise.

It is apparent, from the record, that no effort was made by W. P. Wise and C. D. Wise to comply with the "Bulk Sales Law" (Vernon's Ann. Civ. St. art. 4001 et seq.), then in force, and appellants were creditors of the purported seller, W. P. Wise, when the so called sale was made.

■ The evidence introduced before the trial court does not warrant the finding that the personal property was owned by C. D. Wise, free from any right upon the part of appellants to seize it to satisfy their debt.

These observations are made, because the judgment must be reversed and the same issues will necessarily be presented upon another trial.

■ We do not believe appellee's petition was sufficient to authorize the trial court to grant either the temporary writ of injunction or the permanent writ. The general demurrer is well taken. Jowell 'v. Carnine (Tex. Civ. App.) 20 S.W.(2d) 1087.

No evidence was introduced to establish the value of the personal property upon which the officer is alleged to be about to seize under execution. We do not believe the evidence introduced before the trial court supports the judgment rendered.

The judgment of the trial court is reversed, and judgment here rendered dissolving the writ of injunction issued by the trial court, and the cause is remanded, with instructions to the trial court to dismiss the suit, unless appellee amends so as to state a cause of action for injunctive relief.

Judgment reversed, the writ of injunction dissolved, and the cause remanded with instructions.