**LEWIS et al. v. HOERSTER.**

No. 9655.

Court of Civil Appeals of Texas. San Antonio.

Jan. 22, 1936.

Rehearing Granted March 18, 1936.

Carlos C. Ashley, of Llano, for appellants.

Alfred Petsch, of Fredericksburg, for appellee.

MURRAY, Justice.

Appellee D. J. Hoerster, as receiver of the Bank of Fredericksburg, instituted this suit against, among others, appellants

R. M. Lewis and his wife, Nettie A. Lewis, seeking a mandatory writ of injunction commanding appellants to vacate certain real property and to desist from further slandering appellee's title to said land and premises. Appellants were alleged to be in possession of the property.

The trial judge, after a hearing, granted the injunction, and by his decree appellants were ordered to surrender possession of the premises and desist from asserting any claims to said property or from casting any further slander upon appellee's title to the property. The decree further ordered, among other things, that appellants take any and all live stock out of and from the 1,000-acre mountain pasture and the 200-acre horse pasture of the Tisdale ranch property.

It is quite plain, from the above, that the trial judge, by mandatory injunction, determined the question as to who was entitled to possession of the real estate and ordered those in possession to vacate and turn their possession over to others. It is not alleged that appellants acquired possession of the property by fraud or force.

■ The law is clear in this state that the equitable remedy of mandatory injunction does not lie to determine the right of possession of land or to transfer the possession thereof from one person to another, where the persons in possession have not obtained possession by force or fraud. Hill v. Brown (Tex.Com.App.) 237 S.W. 252; Moore v. Norton (Tex.Civ.App.) 215 S.W. 373; Mercer v. Fitzhugh (Tex.Civ.App.) 261 S. W. 819; Simms v. Reisner (Tex.Civ.App.) 134 S.W. 278; Rogers v. Day (Tex.Civ. App.) 20 S.W.(2d) 104.

■ Appellee apparently had three adequate remedies at law, to wit: Sequestration article 6840, R.S.1925; trespass to try title, articles 7366 and 7367, R.S.1925; forcible entry and detainer, article 3973, R. S.1925. There is no showing that these legal remedies would not furnish adequate relief.

Accordingly, the judgment of the trial court is reversed, and the petition dismissed. The cost of this appeal, as well as the costs in the court below, is adjudged against appellee.

### On Motion for Rehearing.

We have carefully considered appellants' amended petition, contained in the supplemental transcript, and again come to the conclusion that appellee attempted by the equitable remedy of injunction to do that which should have been attempted by an action at law in the form of a trespass to try title suit.

Appellee does not allege that he was ever in possession of the land and premises sued for, but, on the contrary, alleges that appellants are in possession, that they are asserting title to the land. Appellants' answer shows that a homestead right is asserted to a part of the land.

The trial judge considered that the title of the land was in issue because he made the following findings: "That the Plaintiff is entitled to recover upon his pleadings as prayed for against the Defendants, Alfred Fry and Mrs. Alfred Fry; (These last named parties being codefendants with the appellants, but who have failed to appeal from the judgment of the trial court.) "That the Plaintiff is entitled to recover against the Defendants, R. M. Lewis and Nettie A. Lewis, as prayed for, insofar as the prayer relates to the hereinafter described Tisdale Ranch lands and * * * as well as the 38 acre tract hereinafter described * * * and such land was not and did not constitute the Defendants Lewis' homestead and was no part thereof."

The nature of this suit is fully disclosed by the prayer contained in appellee's amended original petition, which reads as follows: "Premises considered, Plaintiff prays that John J. Lewis be cited as a Defendant to appear and answer Plaintiff's Amended Original Petition, that the Judge of this Court forthwith issue his Mandatory Injunction, commanding and directing each of the Defendants, including the aforementioned John J. Lewis: (1) To forthwith surrender the possession of the premises hereinbefore described to the Plaintiff; (2) To forthwith drive from and out of Plaintiff's property each and every head of live-stock of every kind and character, which either of said Defendants may have placed in said pastures as their own and/or as the property of any other party; (3) To desist and refrain from in any way or manner hereafter slandering and/or questioning the Plaintiff's title to said premises, or any part thereof, and to refrain from placing any live-stock therein. Plaintiff further prays that such Mandatory Injunction be made applicable to the Agents, Attorneys and employees of the Defendants and said John J. Lewis; and upon final hearing hereof the Plaintiff prays judg-

ment for his damages, jointly and severally against each of said Defendants, as the facts may justify, that the Temporary and/or Mandatory Injunction be made permanent and that Plaintiff recover his costs against the Defendants jointly."

We think this prayer alone shows, beyond any doubt, that appellee was attempting to adjudicate the title to and right of possession of land in an equitable proceeding.

What was said by the El Paso Court of Civil Appeals in Marshall v. Smith, 55 S.W. (2d) 872, writ of error dismissed, is squarely in point:

"We need not state the evidence in detail. It is sufficient to say it shows the controversy involves simply the title to and right of possession of the house and lot described in the petition.

"It is well settled that in controversies of this nature the equitable remedy of injunction is not to be substituted for the legal remedy of trespass to try title and the ancillary writ of sequestration."

Appellee cites Hill v. Brown, 225 S.W. 780, 783, as supporting his contention herein, but we cannot follow this authority as the opinion of the Court of Civil Appeals was reversed by the Commission of Appeals in Hill v. Brown, 237 S.W. 252.

Appellee calls our attention to the fact that two of the defendants below, Alfred Fry and Mrs. Alfred Fry, did not appeal, and that we should therefore not disturb the judgment in so far as it applies to the Frys. With this contention we agree.

Accordingly, the judgment heretofore entered in this court will be set aside and judgment here entered that the judgment of the trial court, in so far as it applies to appellants, R. M. Lewis and Nettie Lewis, be set aside, and judgment here rendered that appellee take nothing as against appellants, and that appellants recover their costs, both of this court and the court below. The judgment of the trial court, in so far as it applies to Alfred Fry and Mrs. Alfred Fry, shall remain in full force and effect and be in no way disturbed by the judgment here entered in favor of appellants.

Appellee's motion is granted in part and overruled in part, as above indicated.