**Harold SMITH and James L. White, Appellants,**

v.

**Judy Taylor THOMPSON, Appellee.**

No. 8358.

Court of Civil Appeals of Texas, Texarkana.

Aug. 31, 1976.

B. D. Moye, Old & Moye, Mt. Pleasant, for appellant.

Ralph J. Blagg, Texarkana, for appellee.

RAY, Justice.

This is an appeal from a temporary injunction. Appellee (plaintiff), Judy Taylor Thompson, brought suit against appellants (defendants), Harold Smith and James L. White, seeking to remove clouds from title to certain real property claimed by appellee and seeking a temporary injunction enjoining appellants from using the property, from permitting livestock on the property and from preventing appellee from repairing and building fences on the property. The trial court granted the temporary injunction and appellants have appealed from that order. Appellants submit two points of error for our consideration. The appellee has not filed a brief in this case.

Appellee Thompson alleged in her amended petition that Harold Smith and James L. White had caused a cloud to be placed on the title of a tract of land she claims in Titus County. She prayed for the removal of the cloud and for damages against appellants. She further alleged that appellants were in possession of the property. There was no allegation that appellants had obtained possession of the land by force or fraud.

The trial judge, after a hearing, granted the injunction, and by his decree appellants were ordered to restrain from "interfering with and attempting to prevent the plaintiff (Judy Taylor Thompson) from the use and enjoyment of her property . . . ." The decree further ordered that appellants be enjoined from permitting their livestock to come on the property and from preventing Appellee Thompson from repairing, rebuilding and building fences on the property.

It is clear that the trial judge, by mandatory injunction, determined the question as to who was entitled to possession of the real estate and ordered those in possession to vacate and turn over their possession to others.

"The law is clear in this state that the equitable remedy of mandatory injunction does not lie to determine the right of possession of land or to transfer the possession thereof from one person to another, where the persons in possession have not obtained possession by force or fraud." *Lewis v. Hoerster*, 92 S.W.2d 537 (Tex.Civ.App. San Antonio 1936, no writ). Since Appellee Thompson alleged that appellants were in possession and made no allegation that such possession had been obtained by force or fraud and further, since she did not show that the legal remedies available to her would not furnish adequate relief, she was not entitled to a temporary injunction.

There was no evidence that James L. White committed or threatened to commit any of the acts complained of in appellee's petition for a temporary injunction against him.

Appellants' points of error are sustained. The judgment of the trial court is reversed and judgment is here rendered that the temporary injunction be in all things dissolved.