### WRIGHT v. WRIGHT. (No. 1839.)

(Court of Civil Appeals of Texas. El Paso. Dec. 24, 1925.)

**1. Injunction ⊂═12—Past grievances not ground for injunction.**

That defendant wrongfully gave trust deed covering plaintiff's land and leased pasture was not ground for injunction, since they were matters of the past, and injunction is to prevent future injury.

**2. Injunction ⊂═118(3)—Petition, alleging no threat or impending action, held insufficient to support injunction.**

Petition, which showed defendant had interfered with plaintiff's use of her property, but which alleged no threat or impending action by him, was insufficient to support injunction restraining defendant from disturbing or interfering with her possession.

**3. Injunction ⊂═118(3)—Petition, alleging no threat to cloud title, held insufficient to support injunction.**

Petition for injunction, showing defendant had executed deed of trust to plaintiff's land, which was cloud on title, but alleging no threat to do so again, was insufficient to support restraining order against executing and recording instrument which would cloud plaintiff's title.

**4. Injunction ⊂═118(3)—Petition, not showing defendant in possession, insufficient to support order to vacate.**

Petition for injunction, which did not show defendant was in possession of plaintiff's premises, nor any threat to take possession, was insufficient to support order to vacate premises and remain away therefrom.

**5. Injunction ⊂═192—Mandatory injunction to vacate must be against tenant in possession.**

Where defendant wrongfully leased plaintiff's premises to a third person, and tenant was in possession under such lease, mandatory injunction to vacate would have to be directed to tenant, and not defendant lessor.

**6. Injunction ⊂═107—One not in privity with contract could not restrain payment thereunder.**

Where defendant wrongfully leased pasturage on plaintiff's land to third person, plaintiff, not being in privity with that contract, was not entitled to restrain him from collecting rental, as such collection would not impair her rights.

**7. Trespass ⊂═27—Lessee, though paying rent for land wrongfully leased liable for trespass.**

Where defendant wrongfully leased plaintiff's land to third person, such lessee was liable to plaintiff for trespass, and payment of rent to defendant lessor would not affect plaintiff's right to recover.

Appeal from District Court, Midland County; Chas. Gibbs, Judge.

Suit by Mrs. Susannah Wright against T. L. Wright and others. From the judgment for plaintiff, the defendant named appeals. Reversed and rendered.

Grisham Bros., of Eastland, for appellant. B. Frank Haag, of Midland, for appellee.

HIGGINS, J. The appellee, a feme sole, brought this suit against T. L. Wright, B. W. Floyd, and J. S. McCall. In brief the allegations of the petition are as follows:

The plaintiff is the owner of four sections of land in Midland county. On March 6, 1924, T. L. Wright, without authority from plaintiff, conveyed the land in trust to T. W. Stoneroad to secure J. S. McCall in the payment of a note for $1,000, given by T. L. Wright, and the same casts a cloud upon the plaintiff's title and disturbs her in the use and enjoyment of her lands to her damage in the sum of $37,000. On September 25, 1925, T. L. Wright, without authority from plaintiff and against her will, undertook to grant to B. W. Floyd the right to pasture steers upon said premises, and upon said date, against plaintiff's will, said Floyd placed 161 steers on the premises and agreed to pay to T. L. Wright $125 per month pas-

turage therefor, and said Wright is attempting and threatening to collect from Floyd said $125 per month. The said land has good grass upon it of the value of $1,000, and, unless restrained, T. L. Wright and Floyd, under the contract aforesaid, will damage plaintiff in the sum of $1,000; defendant Wright is insolvent and unable to respond for any money illegally collected as pasturage.

An injunction was prayed restraining Wright from collecting any pasturage from Floyd and Floyd from paying any to Wright; that Wright be enjoined from disturbing or in any wise interfering with plaintiff's use and possession of the premises, and from executing and causing to be recorded any instrument that would in any wise cloud plaintiff's title; and "that he vacate the same and remain away therefrom." Upon final trial, it was prayed that she have judgment against Wright and Floyd for $1,000 damages, and against McCall canceling the deed of trust and cloud upon her title by the same; for costs and general relief.

The petition was presented to Hon. Chas. Gibbs, the district judge, on October 6, 1925, who, upon an ex parte hearing on that date, indorsed his fiat thereon, ordering a temporary injunction to issue as prayed for, upon the plaintiff giving bond in the sum of $500. The petition was filed on October 7, 1925, and writ of injunction issued against Wright and Floyd and served upon them.

Wright filed a motion to dissolve; also an answer to the merits and vouched in D. W. Brunson upon a cross-action against Brunson. The motion was heard and overruled. This appeal is by Wright from the order overruling the motion.

The brief filed by appellant in some respects wanders far afield from the issues presented by this appeal. The only question now at issue is the correctness of the court's action in overruling appellant's motion to dissolve the temporary injunction against appellant. Our opinion and ruling will be confined to that issue.

Appellant, by the judge's order, is enjoined: (1) From collecting any pasturage from Floyd; (2) from "disturbing or in any wise interfering with plaintiff's use and possession of said premises"; (3) from "executing any instrument of writing and cause to be recorded any such instrument or writing that might any wise cast a cloud upon plaintiff's title, and that he vacate the same and remain away therefrom."

[1] The second and third features of the injunction will be first considered. The writ of injunction is to prevent future injury. It is not to be used for the correction of a wrong already inflicted. As to that, the party aggrieved must seek another remedy. Whitaker v. Dilliard, 81 Tex. 359, 16 S. W. 1084; 32 C. J. 46.

The alleged wrongful action of appellant in leasing the premises to Floyd and giving a deed of trust to Stoneroad for the use of McCall are matters of the past and of themselves afford no ground for injunction. These wrongful acts would be pertinent in connection with pleading showing threatened injury of the same character. As stated above, the remedy by injunction is preventive in its nature, and, in order to authorize the same, it must be shown that future injury is impending.

[2, 3] The petition in this case alleges no threat or any impending action on the part of appellant to further disturb or interfere with the plaintiff in her use and possession of the land. For this reason the petition is insufficient to support an injunction restraining appellant from disturbing or interfering with her possession in the future. 32 C. J. 327. For the same reason the petition is insufficient with respect to the restraining order against executing and recording any instrument which would cloud the plaintiff's title.

[4, 5] So far as concerns the order to vacate the premises and remain away, he is not shown to be in actual possession nor any threat to enter into such possession. It is true the allegations show Floyd has taken possession under the lease executed by appellant, and in that respect a constructive possession by appellant is shown, but in the very nature of things such a possession cannot be reached by mandatory injunction to vacate against the lessor. Such injunction of necessity must be against the tenant who has the actual possession.

[6, 7] Passing to the first feature of the injunction which restrains appellant from collecting pasturage from Floyd, we think this was also improperly granted. The obligation of Floyd to appellant is based upon contract. The plaintiff is not in privity with that contract; in fact, repudiates it. She therefore has no interest in any sum which accrues to appellant thereunder. Having no right thereto, we fail to see why the plaintiff should be entitled to restrain appellant from receiving the lease money from Floyd if the latter sees fit to pay it. Floyd's liability to the plaintiff for the alleged unlawful use of her land arises upon tort in trespass. Any payment by Floyd to appellant would not affect her right to recover against Floyd for such trespass. Even if she had any right under the contract to the pasturage money, its payment by Floyd to Wright would not impair her remedy against either of them to recover the same.

The plaintiff has no right to enjoin the collection by appellant of the money which Floyd agreed to pay, unless such collection would in some manner impair her rights. Such a collection would not impair any right which she has against appellant or Floyd.

For the reasons stated, the injunction

against appellant was improperly issued, and, upon motion, should have been dissolved. Judgment dissolving such injunction will be here rendered.

The judgment of this court does not in any wise affect the injunction against Floyd; he not having appealed therefrom, nor in any wise questioning the same.

Reversed and rendered.