### HERMAN v. FORREST et al.

Court of Civil Appeals of Texas. Eastland.
April 29, 1927.

1. **Mortgages ⊕—338—Grantor of deed of trust could not enjoin sale on ground of promise of extension without alleging refusal to extend.**

Grantor of deed of trust could not, in his suit to restrain sale of the lands, invoke creditor's alleged representation in procuring the instrument that the time of payment would be extended, where he failed to allege that such extension had been asked and refused.

2. **Mortgages ⊕—338—Equity will not restrain sale under mortgage for dispute over amount due, in absence of tender of admitted debt.**

Equity will not restrain a sale under a mortgage or deed of trust by reason of dispute as to amount due, in absence of tender of amount admitted to be due.

3. **Appeal and error ⊕—954(1)—Injunction ⊕— 1—Granting or refusing injunction in discretion of trial court and revised only for clear abuse.**

Granting of injunction is addressed to the sound discretion of the trial court, and his action in refusing to grant the writ will be revised only for clear abuse of discretion.

4. **Mortgages ⊕—338—Refusal to enjoin sale of land under trust deed held within discretion of judge in trial on pleadings.**

Refusal to enjoin sale of land under trust deed *held* within discretion of trial judge in trial on pleadings, where debtor's petition based on agreement for extension and dispute over amount due failed to allege refusal of extension or to make tender of amount due, and defendant denied allegations by answer under oath.

Appeal from District Court, Dawson County; Gordon B. McGuire, Judge.

Suit by W. H. Herman against S. L. Forrest and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Rogers & Starnes, of La Mesa, for appellant.

Brown & Rountree, of La Mesa, for appellees.

PANNILL, C. J. The object of the instant suit was to prevent the sale of certain lands by a trustee under a deed of trust executed by appellant. The petition presented two distinct grounds upon which the writ was sought. The first was that certain payments had been made on the debt which was secured by the deed of trust, but that no credit on the note evidencing the debt had been given and that the trustee would sell the property for the debt without allowing such credit. The second was that the creditor had procured the execution of the deed of trust upon the representation that if appellant would execute it the creditor would grant an extension of time of one year at the maturity of the note. There was no allegation that any request had been made for such extension and refused, nor was any averment made as to a tender of the amount admitted to be due. The petition was duly verified; the creditor and the trustee answered, the former under oath, and pleaded, among other things, a categorical denial of the matters of fact above referred to. The petition and answer thereto were duly presented to Hon. Gordon McGuire, judge of the 106th district, who, after considering the petition and the sworn answer thereto, entered an order refusing the injunction prayed for, from which this appeal is prosecuted.

Appellees urge that the second ground of the petition as stated above states no cause of action authorizing the granting of an injunction restraining the sale of the land.

Hendrick v. Chase (Tex. Civ. App.) 186 S. W. 277, 22 C. J. p. 1095, § 1449, and numerous other authorities are cited which declare the rule to be that it cannot be shown that the time for payment of a negotiable instrument as agreed upon by the parties is different from the date of maturity as appearing in the instrument, or that there was an agreement at the time of the making of the bill that it would be renewed at maturity.

[1] It is not necessary to decide whether a cause of action could be predicated upon the facts as stated in the second ground so as to bring it within some of the numerous exceptions to the parol evidence rule for the reason that allegations were wholly lacking showing any request for extension or refusal thereof. Certainly, if the second ground was relied upon to prevent the sale of the property, appellant could not invoke it without a showing that he had requested the extension agreed upon and that it had been refused.

[2] As to the first ground it may be said that in some cases equity will restrain a sale under a mortgage or deed of trust where there is a dispute as to the amount due, but it has been held in such cases that there must

(294 S.W.)

be a tender of the amount admitted to be due. 27 C. J. pp. 1456, 1457.

[3] The granting of a writ of injunction is addressed to the sound discretion of the trial court, and his action in refusing to grant such a writ will be revised only where a clear abuse of that discretion is shown. Davidson v. Wells (Tex. Civ. App.) 233 S. W. 518; Pavey v. McFarland (Tex. Civ. App.) 234 S. W. 591; Fry v. Jackson (Tex. Civ. App.) 264 S. W. 612.

[4] In the case at bar, appellant alleged that there had been an agreement for an extension of time, but did not allege any request for such extension and its refusal; that a payment had been made and no credit had been given on the debt; there was no offer in his petition to pay the amount due. The defendant's answer under oath denied these allegations and alleged a state of facts showing that no such payment had been made on the indebtedness as claimed by the plaintiff and that the particular amount which appellant alleged he had paid was paid by the appellant to the creditor on another and different obligation and duly credited on the latter. No evidence was offered by appellant seeking to sustain the allegations of his petition, but the trial was had upon the petition and the answer as stated. Under these circumstances, the granting or refusing of the writ was clearly within the discretion of the trial court, and we cannot say that any abuse of that discretion was shown.

Therefore the judgment of the trial court will be affirmed, and it is so ordered.