## ELDER et ux. v. HIGHSMITH et ux.
### (No. 716.)

Court of Civil Appeals of Texas. Waco.
Nov. 1, 1928.

J. P. Word, of Meridian, for appellants.
H. O. Dabney, of Waco, for appellees, in trial court only.

GALLAGHER, C. J. This suit was instituted by appellants, S. L. Elder and wife, against appellees, A. B. Highsmith and wife, to perpetually enjoin them from selling, or otherwise disposing of, certain chickens and chicken raising equipment, or any part thereof. No other relief was sought. The right to such injunctive relief was based on the terms of a written contract, copy of which was attached to appellants' petition. According to said contract, appellants had sold and delivered to appellees a certain poultry farm, and appellants agreed therein as a part of such sale to deliver to appellees all the grown chickens, about 750 in number, all the young chickens, about 600 in number, and all moveable equipment situated on said farm, which they had represented to appellees to be a part thereof. Said contract further provided that appellees should have the right to sell such stock of chickens or equipment, if they deemed it best to do so, but that, if any such sale was made, the proceeds thereof should be applied as a credit on the second lien notes against the farm, payable to appellants, or to the purchase of stock and equipment to replenish the farm and maintain its status of efficiency and value. Appellants alleged that shortly thereafter appellees sold 400 of the grown chickens on said farm for the sum of $305, and had failed and refused to apply the proceeds of such sale as stipulated in said contract. Appellants further alleged that appellees were "threatening to take possession of said land and chickens," and, if not restrained, would "take charge of said property and sell or dispose of the remainder of said chickens and apply the proceeds to their own use and benefit"; that appellees had no property subject to execution, and that, unless restrained, they would take charge of said property, and place the same beyond the reach of appellants, and that they would thereby suffer irreparable injury. Appellants prayed for a temporary injunction restraining appellees from selling, or otherwise disposing of, the remainder of said chickens and equipment, or any part thereof, and that on final hearing such injunction be made perpetual. A temporary injunction was granted, issued, and served. The case came on for final hearing before the court in term time. The court sustained a general demurrer to appellants' petition, and, there being no request for leave to amend the same, rendered judgment dissolving the temporary

injunction theretofore granted, but ordered such dissolution held in abeyance pending appeal.

### Opinion.

■■ The brief filed in this cause by appellants contains no assignments of error. The action of the court, however, in sustaining a general demurrer to appellants' petition, if error, was fundamental in its nature, and it is our duty to review the same, regardless of a formal assignment. According to the recitations of the contract, appellees had purchased the poultry farm on which the chickens and equipment involved were situated, from appellants, and possession of said farm had been delivered to them. The contract recited that said chickens and equipment were included in the sale of the farm. No separate consideration for the purchase thereof was shown. It appears from said contract that appellees, by the purchase of said poultry farm, also acquired title to, and possession or right to the possession of, said chickens and equipment. The contract in express terms gave appellees the right to sell the same, if they deemed it best to do so. The right to sell so given was absolute. The agreement expressed in connection with such right concerned only the disposition of the proceeds of any sale or sales so made. Appellants did not attempt to compel the application as stipulated in the contract of the proceeds of the chickens theretofore sold. They, in effect, contended that appellees had forfeited their right to sell, or otherwise dispose of, their own property, which right was expressly confirmed by the contract, because they did not apply the proceeds of a prior sale, as they had agreed to do. Because of such failure they sought to restrain appellees forever from selling or disposing of such property, or any part thereof. Our Supreme Court, in Dunn v. City of Austin, 77 Tex. 139, 146, 11 S. W. 1125, 1128, said:

"But a loss resulting from an act lawful within itself furnishes no ground for the recovery of compensation nor for restraining the actor from the exercise of a legal right."

The court properly held that appellants' petition was insufficient to authorize the relief prayed for.

■■ Appellants alleged that on the date of said contract they owned said poultry farm; that the same was of the reasonable value of $7,500; and that on said date they exchanged the same for certain property held by appellees. The details of said exchange were not alleged. The amount of the first lien on said property was not shown. Neither was there any allegation of the amount of the second lien notes held by appellants. For aught that appeared in appellants' petition, said farm may have been abundant security for all indebtedness against it, including said second lien notes. Equity will not interpose its benign relief, except to prevent impending injury. Such injury is not shown in this case. Appellants' allegation that they would suffer irreparable injury, unless appellees were restrained as prayed, was a mere conclusion of the pleader. Alf Bennett Lumber Co. v. Fall (Tex. Civ. App.) 157 S. W. 209, 213; Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42, 45. The only circumstance alleged tending to justify such conclusion was that appellants had no property subject to execution. Since the debt upon which the proceeds of sales of poultry and equipment were to be applied was secured by a lien on property of the alleged value of $7,500, and since neither the amount of the first lien, if any, nor of such second lien was stated, appellants' petition did not show affirmatively that they would ultimately suffer any loss at all, by reason of any sale of the remaining chickens and equipment, regardless of whether appellees applied the proceeds on the indebtedness secured by said second lien or not. Our Supreme Court, in Seymour v. Hill, 67 Tex. 385, 387, 3 S. W. 313, 314, said:

"The principles recognized in courts of equity deny an injunction in all cases in which it does not clearly appear that injury will result if the writ be not granted, and in many cases it has been said that to authorize the writ it must appear that the threatened injury would be irreparable. (High on Injunctions, 22)."

■ Appellants, in order to state a cause of action for the relief sought, were required to show affirmatively by the allegations of their petition that they were entitled thereto. We quote from our Supreme Court in Gillis v. Rosenheimer, 64 Tex. 243, 246, as follows:

"The petition for injunction should state all, and negative all, which is necessary to establish a right. The rule is correctly stated in Harrison v. Crumb, White & Willson's Ct. of Appeals, sec. 992, as follows: 'The rule of pleading that the statements of a party are to be taken most strongly against himself, is reenforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief.' See Carter v. Griffin, 32 Tex. 212; Martin v. Sykes, 25 Tex. Supp. 197; Forbes v. Hill, Dallam, 486; Ballard v. Rogers, Dallam, 460; Smith v. Frederick, 32 Tex. 256."

Tested by the foregoing rules, appellants' petition was insufficient, and the trial court did not err in sustaining a general demurrer thereto.

The judgment of the trial court is affirmed.