## BEALL v. BARSCH et al.
### No. 1029.

Court of Civil Appeals of Texas. Waco.

March 19, 1931.

Rehearing Denied April 9, 1931.

T. R. Mears, of Gatesville, for appellant.

R. B. Cross, of Gatesville, for appellees.

### BARCUS, J.

Appellant filed this suit alleging that appellees were threatening to dam up Dodd creek and to so terrace their land as to cause the water to flow from their land to his. He asked for an injunction restraining appellees from doing either of said acts.

The trial court in chambers, without a hearing, granted a temporary injunction, and the cause came on regularly for trial on the merits. Appellees filed a sworn answer, specifically denying all of the material allegations contained in appellant's petition and pleaded affirmatively that they had not threatened to do any of the acts complained of by appellant and had not attempted to do any of said acts and had no intention of doing any of the acts of which complaint was made. The cause was tried to the court and resulted in judgment dissolving the temporary injunction, and the court refused to grant a permanent injunction. The trial court filed his findings of fact and conclusions of law. A statement of facts agreed to by all parties is filed with the record.

■ Appellant contends that the trial court committed error in failing to file additional findings of fact. We overrule this proposition. The record shows that the trial court filed findings of fact and then, at the request of appellant, filed additional findings of fact, and upon a second request being made for additional findings, same was refused. We think the findings as made were sufficient. It is not necessary for the trial court to state the evidence on which he bases his findings of fact. All the law requires is that he prepare and file same.

■■ Appellant further contends that the trial court erroneously refused to grant him a permanent injunction. We overrule this assignment. The granting of writs of in-

762

junction is largely in the discretion of the trial court, and unless that discretion is abused, the appellate courts will not disturb same. Simon v. Nance (Tex. Civ. App.) 142 S. W. 661 (error refused); Miller v. Dickinson (Tex. Civ. App.) 236 S. W. 1014; Herman v. Forrest (Tex. Civ. App.) 294 S. W. 624.

▇ The record shows that appellant and appellees Gus Barsch owned adjoining tracts of land and that Dodd creek flows from appellee's land across appellants. In 1922, a difference arose between said land owners with reference to keeping Dodd creek and one or more of its tributaries open, and the matter was submitted to and settled by arbitration. Dodd creek had washed deeper by reason of the rains and appellant had dug a ditch along his line near the dividing fence between him and appellee. In the spring of 1930, appellee Otto Barsch, the son of Gus Barsch, and who was a tenant working his father's land, asked George Weigand, the son-in-law of appellant who was working appellant's land as a tenant, if it would be satisfactory for him (Otto Barsch) to place a wire netting in the bottom of said creek in order to prevent same from washing any deeper, and also asked if it would be alright for him to fix his father's land so that same would, during excessive rains, drain into the ditch that had been dug near the dividing fence on appellant's land. Mr. Weigand stated to Otto Barsch that he did not have authority to give such permission, but would ask appellant, his father-in-law. He communicated said request, and appellant sent word back that he would not give his permission to have either of said things done. Appellant testified that he never had any further communication with either of the appellees and that neither of them ever suggested that they would disregard his decision or that they would in any way attempt to interfere with the flow of the water in Dodd creek or construct any drains that would carry the water into the ditch on appellant's land. Each of the appellees testified positively that they had no intention of in any way interfering with the flow of the water in Dodd creek or of turning any water onto appellant's land and that they had not in any way attempted so to do. We think the trial court under the testimony correctly held that appellees were not threatening to injure appellant and that appellant, in the absence of an affirmative showing of impending danger, was not entitled to injunctive relief. Elder v. Highsmith (Tex. Civ. App.) 10 S.W. (2d) 736, par. 3; Wright v. Wright (Tex. Civ. App.) 278 S. W. 925, par. 2; 32 C. J. p. 327, § 540, and authorities cited in notes thereto.

We have examined each of appellant's assignments of error, and propositions and same are overruled.

The judgment of the trial court is affirmed.