## WILLIAMS v. SINCLAIR PRAIRIE OIL CO.

### No. 4896.

Court of Civil Appeals of Texas. Texarkana.

Sept. 13, 1935.

Rehearing Denied Sept. 26, 1935.

Barrett Gibson, of Marshall, B. O. Baker and D. A. Eldridge, both of Dallas, and King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellant.

Paul A. McDermott, of Fort Worth, and W. H. Sanford, of Longview, for appellee.

**JOHNSON**, Chief Justice.

The appeal is from an order of the trial court refusing to grant appellant's application for a temporary injunction restraining appellee, Sinclair Prairie Oil Company (formerly Sinclair Oil & Gas Company), from further trespassing upon appellant's land, pending a final hearing upon the merits of appellant's prayer for permanent injunction and until a final hearing is had upon appellant's suit pending in said court against appellee for title and possession of said land. The application for temporary injunction was heard in the trial court upon the facts presented by appellant's sworn petition and the exhibits attached thereto, after notice and answer filed. Appellee was present at the hearing, but offered no evidence. The facts as shown by appellant are in substance as follows:

John R. Williams was adjudged insane by the county court of Gregg county in 1909. This judgment has never been annulled, nor has there been any statutory proceedings adjudging said John R. Williams restored to sanity. John R. Williams and Elizabeth Williams were married in 1917 and are still husband and wife. In 1928 they acquired as their community property the land in controversy, situated in Gregg county, the legal title to which was conveyed to John R. Williams. In 1930 they executed, in the usual form, an oil and gas lease covering the land to W. H. Winn, who assigned the lease to Sinclair Oil & Gas Company (now Sinclair Prairie Oil Company), which company in virtue of the terms of the lease entered upon the land, drilled, and are now operating a large number of producing oil wells thereon, and are extracting large quantities of oil therefrom, and plaintiff "has no means of knowing what quantities of oil have been drained or will in the future be so drained" by appellee from said land; that "said land is now and has been at all times since 1928 possessed, claimed, used and enjoyed by plaintiff as a homestead." In 1931, N. E. Williams, as "next friend" and father of said John R. Williams, an insane person, filed suit in the 124th district court of Gregg county against appellee and a number of other parties, seeking to cancel said oil and gas lease, and certain other conveyances made by John R. Williams and Elizabeth Williams of their royalty interest. A written stipulation for settlement of the case was entered into by all the parties subject to the approval of the court. This stipulation was also signed by John R. Williams and Elizabeth Williams. A judgment was entered in the case on March 31, 1932, reciting that it was rendered upon the stipulation and evidence considered by the court. This judgment covers 34 pages of the record, and it is not deemed necessary to recite its decrees in particular. It denied plaintiff recovery of the oil and gas

leasehold now in controversy, and quieted the title thereto in Sinclair Oil & Gas Company. It decreed to plaintiff recovery of some of the mineral interests against other of the defendants, and decreed to plaintiff certain sums of money paid into the treasury of the court by defendants, totaling $9,000, the principal portion of which was administered by the court in payment of fees and expenses of prosecuting the suit. Title to the mineral interests decreed to plaintiff was vested by the judgment in N. E. Williams as trustee for John R. Williams and Elizabeth Williams. The judgment further recites that the court found that John R. Williams was sane.

Plaintiff further showed that while she and her husband resided in Harrison county, and on the 24th day of March, 1933, she was by the county court of that county duly appointed community survivor of the community estate of herself and her husband, John R. Williams, an insane person; that she duly qualified and is prosecuting this suit as such survivor; that she and her husband have a good and record title to the land, affected only and if by the oil and gas lease and judgment above mentioned; and that appellee has and asserts no right to the title and possession of said property other than as here pleaded by appellant, evidenced by said oil and gas lease, assignment thereof, and judgment quieting title thereto.

It is the contention of appellant, in substance, that by reason of the continuous force and effect of said judgment of the county court of Gregg county, adjudging John R. Williams insane, and the Constitution and laws with respect to insane persons, the county court had active and exclusive jurisdiction and authority "to transact all business appertaining to" the property of such ward, and, therefore, the purported oil and gas lease was void; that the "next friend" statute, article 1994, R. S. 1925, in its effort to confer jurisdiction upon the district court, as relates to lunatics, idiots and persons non compos mentis, is contrary to the provisions of article 5, § 16 of the Constitution, reading: "The County Court shall have the general jurisdiction of a Probate Court; they shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of admin-istration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law."

And it is contended that said "next friend" statute, in its effort to confer original jurisdiction upon the district court over the matters therein mentioned as relates to lunatics, idiots, and persons non compos mentis, is unauthorized by article 5, § 8 of the Constitution, reading: "The District Court shall have appellate jurisdiction and general control in probate matters, over the County Court established in each county, for appointing guardians, granting letters testamentary and of administration, probating wills, for settling the accounts of executors, administrators and guardians, and for the transaction of all business appertaining to estates; and original jurisdiction and general control over executors, administrators, guardians and minors under such regulations as may be prescribed by law. The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners' Court, with such exceptions and under such regulations as may be prescribed by law; and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

It is the contention of appellant that article 5, § 8 of the Constitution, withholds from the district court any jurisdiction over idiots, lunatics, and persons non compos mentis, except through the medium of a guardian of such person appointed by the county court; and that article 5, § 16 of the Constitution, expressly gives to the county court exclusive original jurisdiction to appoint such guardians and to "transact all business appertaining to" such wards; that for want of jurisdiction in the court the judgment of the district court quieting appellee in its claim to the leasehold estate in the land is void; that appellee acquired no rights under and by virtue of the oil and gas lease or the judgment, and, therefore, is a trespasser upon appellant's land.

895

## Opinion.

It is apparent that a disposition of the issues upon which appellant bases her claim to have declared void the oil and gas· lease and the judgment quieting appellant's title thereto, and upon the favorable determination of which she bases her consequent claim to injunctive relief, would in effect decide the merits of the whole case, and grant all the relief that could be obtained by a final decree. On an appeal from an order granting or refusing a temporary injunction, the review is not extended to the merits of the main case, but is restricted to the propriety of the interlocutory order sought. Sinclair Refining Co. v. City of Paris (Tex.Civ.App.) 68 S.W.(2d) 230.

Generally, it is the duty of the trial court to refuse an application for a temporary writ of injunction when the effect of the issuance of such writ is to grant all the relief to the appellant that could be granted on a final trial. Nelson v. Thompson (Tex.Civ.App.) 64 S.W.(2d) 373; James v. Weinstein & Sons (Tex.Com. App.) 12 S.W.(2d) 959, 960; Welsh v. Carter (Tex.Civ.App.) 30 S.W.(2d) 354; Gordon v. Hawkins (Tex.Civ.App.) 66 S. W.(2d) 432; Moore v. Norton (Tex.Civ. App.) 215 S.W. 373; City of Farmersville v. Texas-Louisiana Power Co. (Tex. Civ.App.) 33 S.W.(2d) 272. In James v. Weinstein & Sons, supra, it is held:

"The law is well settled in this state that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged. Stolte v. ·Karren (Tex.Civ.App.) 191 S.W. 600; Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810 [26 A.L.R. 1210]; City of Texarkana v. Reagan, 112 Tex. 317, 247 S.W. 816; Lane v. Jones (Tex.Civ.App.) 167 S.W. 177; Galveston & W. R. Co. v. City of Galveston (Tex.Civ.App.) 137 S. W. 724; 22 Cyc. 740; Joyce on Injunction, § 109.

"If the effect of the granting of a temporary injunction does more than preserve the status of the property as it had theretofore existed, and accomplishes the whole object of the suit, it would be improper for the court to grant same, as the legiti-mate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits. The court is without authority to divest a party of property rights without a trial and any attempt to do so is void. 1 Beach on Injunction, p. 128; Calvert v. State, 34 Neb. 616, 52 N.W. 687; Arnold v. Bright, 41 Mich. 207, 2 N.W. 16."

There is another rule of law which sustains the trial judge's action in refusing the temporary injunction. It is not claimed that appellee's possession of the property was obtained by force or fraud. On the other hand, the facts warrant but the one conclusion that appellee entered into possession of the property and developed the leasehold peaceably and under the rights purportedly granted by the oil and gas lease. The effect of the granting of the temporary injunction would have been to eject appellee from and admit appellant to the exclusive possession of the leasehold estate in advance of a hearing on the merits. A preliminary injunction may not be used for the purpose of effecting a transfer of the possession of land from one person to another person holding it under claim of right pending an adjudication of title, unless the possession has been forcibly or fraudulently obtained and the equities require that the possession thus wrongfully invaded be restored and the status quo preserved pending the decision of the issues of title. Simms v. Reisner (Tex.Civ.App.) 134 S. W. 278; Hodges v. Christmas (Tex.Civ. App.) 212 S.W. 825; Head v. Commissioners' Court (Tex.Civ.App.) 14 S.W. (2d) 86; Block v. Fertitta (Tex.Civ.App.) 165 S.W. 504; Jeff Chaison Townsite Co. v. McFaddin, Wiess & Kyle Land Co., 56 Tex.Civ.App. 611, 121 S.W. 716.

The "status. quo" referred to as that to be preserved by the temporary injunction is the last actual, peaceable, noncontested possession preceding the suit, 24 Tex. Jur. 188, Sec. 86; City of Farmersville v. Texas-Louisiana Power Co. (Tex. Civ.App.) 33 S.W.(2d) 272; Bowling v. National Convoy & Trucking Co., 101 Fla. 634, 135 So. 541; which character of possession regardless of the validity or invalidity of its claim of title appears to have been with appellee.

Judgment of the trial court will be affirmed.