## HUMBLE OIL & REFINING CO. v. NEEKS DRILLING CO.

### No. 5478.

Court of Civil Appeals of Texas. Texarkana.

May 30, 1938.

Rehearing Denied July 14, 1938.

Robt. F. Higgins, of Houston, for appellant.

Hill & Bath, of Henderson, and J. P. Rutherford, of Overton, for appellee.

WILLIAMS, Justice.

This is an appeal from an order dissolving a writ of temporary injunction. Appellant, Humble Oil & Refining Company, plaintiff below, sued defendants, J. W. Shaw, R. A. Underwood, and W. R. Skeen, composing the partnership firm of Neeks Drilling Company, seeking judgment for title and possession of a .64-acre tract of land situated in Rusk County, Texas. The suit was in the statutory form of trespass to try title. On an ex parte hearing, upon verified pleadings of appellant, a Rusk County District Court granted a writ of temporary injunction. Later the court heard appellee's motion to dissolve this writ and entered an order dissolving same with provision that appellant might supersede this dissolution order by filing bond in the amount therein stated, which was done.

The .64-acre tract, the subject of this litigation, is part of the "old Tyler-Henderson road" which ran in an easterly direction across a 184.5-acre tract once owned by J. W. Shaw. Shaw sold in 1922 to J. E. Wheelis that part of the tract situated on the North side of this road, and in 1927 he sold to Joyner that part of the tract situated South of said road. This .64-acre tract was a part of said public road and being so used when Shaw conveyed the tracts of land above mentioned respectively to Wheelis and to Joyner. These grantees in 1931 executed oil and gas leases covering their respective tracts. Through mesne conveyances appellant is the present owner of said leases covering the lands as described in the deeds from Shaw to Wheelis and Joyner. In 1937 a new highway was constructed, at which time the Commissioners' Court of Rusk County passed and entered of record in its minutes an order abandoning a part of this old road, and, further, in the language of the order, "to revert to the rightful owners." The description of the land in this abandonment order includes this tract in controversy. The date of this order is not shown. On November 13, 1937, Shaw and wife executed an oil and gas lease to appellee covering this tract in controversy.

On December 17, 1937, the Railroad Commission of Texas granted appellee's application for an exception under the provisions of Rule 37 and a permit to drill well No. 1 on this .64-acre tract. Appellant contested this application before the Commission. Appellant prosecuted an appeal from this order to a Travis County District Court to vacate the permit, and sought the issuance of a writ of temporary injunction out of that court to restrain

appellees from drilling an oil well upon the tract until the title to same could be legally adjudicated in a proper action to be brought for that purpose. That court sustained the order of the Railroad Commission and denied the injunctive relief prayed for. That court did not adjudicate the title to the land in controversy. The proceeding was not a trespass to try title action, but an appeal from an order of the Railroad Commission dealing with the Texas conservation laws.

For several years prior to and up to the time the old road was abandoned appellant had been in possession of the Wheelis tract and of the Joyner tract and had been developing. both tracts in an orderly pattern with production of oil on both tracts. Appellant contends under the written instruments (the deeds from Shaw to Joyner and to Wheelis and the two oil and gas leases covering the two tracts) irrespective of whether the deed from Shaw to Wheelis and to Joyner called for the center of the old road, or merely to the boundary line thereof that under the rule of construction as discussed in Gulf Sulphur Co. v. Ryman, Tex.Civ.App., 221 S.W. 310; Gulf Production Co. v. Warren, Tex.Civ.App., 99 S.W.2d 616; Shell Petroleum Corp. v. Hollow, 10 Cir., 70 F.2d 811; and Cantley v. Gulf Production Co., 118 S.W.2d 448, by this court, these would include the whole of this road and showed title into appellant to an oil and gas lease on the .64-acre tract as a matter of law. Appellee claims to be the lawful owner in fee simple of an oil and gas lease covering the same tract by virtue of the lease executed to it by Shaw, and the permit to drill same from the Railroad Commission. If the contention of appellant is sustained, then appellee's drilling of the well would be wrongful. If appellee holds a valid lease on the land, then it would have the right to proceed to develop the land. To determine the contentions of appellant or that of appellee would, in effect, determine the title in the trespass to try title action. In Sinclair Refining Co. v. City of Paris, Tex. Civ.App., 68 S.W.2d 230, which has been cited with approval in subsequent decisions by the courts of this state, it is stated (page 235): "An interlocutory injunction is a remedy provisional and intermediate only, and ordinarily it will not be granted where its issuance would have the effect to practically dispose of the whole case and of granting all the relief that could be obtained by a final decree."

■ This court is not to determine the respective rights of the parties under the cause of action asserted or defenses urged. In actions of this character before this court we are concerned only with the maintenance of the status quo in regard to the matter in controversy. James v. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959; Williams v. Sinclair Prairie Oil Co., Tex. Civ.App., 87 S.W.2d 892; Vireca Corp. v. Cole, Tex.Civ.App., 93 S.W.2d 567; Morgan v. Brannon, Tex.Civ.App., 95 S.W.2d 509.

■ So we come to the question of this "status quo" to be maintained. It is the last actual, peaceable, non-contested possession preceding the suit. Williams v. Sinclair Prairie Oil Co., supra; City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W.2d 272; Hodge v. Hendrick, Tex.Civ.App., 97 S.W.2d 722; Culpepper v. West, Tex.Civ.App., 110 S.W.2d 231; Texas Pacific Coal & Oil Co. v. Howard, Tex.Civ.App., 212 S. W. 735. The instant suit was filed February 22, 1938. Appellant pleaded: "That the defendants have now unlawfully entered upon said premises and without any right or authority to do so are threatening to drill a well thereon for the production of oil and to effectuate that purpose said defendants have commenced said operations to the drilling of such well, have moved equipment on said premises for·that purpose and are planning without further delay to spud in."

■ At the time this suit was instituted appellee had theretofore been granted a permit to drill a well on this tract. The facts disclose that appellee had theretofore entered into possession under the rights purportedly granted it by the oil and gas lease executed by Shaw. Appellee had gone into possession not by force or fraud, but under its claim of a right thereto by virtue of the oil and gas lease. And at the time the instant suit was filed it had constructed on the track a derrick, slush pit, a reserve pit, and a small pit, preparatory to actual operations. From these observations we conclude that we would not be warranted in disturbing the action of the trial court in dissolving the writ of temporary injunction. To hold otherwise we are of the opinion that it would disturb the status quo in regard to the matter in controversy.

The judgment of the trial court is affirmed.