STEPHENS et al. v. COFFEEN.

No. 13882.

Court of Civil Appeals of Texas. Dallas.

Nov. 28, 1947.

Mullinax, Barbaria & Ball, of Dallas, for appellants.

Roger Lewis and Otis Bowyer, Jr., both of Dallas, for appellee.

LOONEY, Justice.

Appellants (plaintiffs below) sought the issuance of injunctions, temporary and permanent, to restrain the appellee from violating certain building restrictions. This appeal is from an order refusing to grant a temporary writ.

Appellants alleged in substance that each owned and resided upon improved lots in the Home Garden's Addition, Unit Three, to the City of Dallas, and that the appellee also owned lots in said addition, being Nos. 15 and 16 and two other lots; that promoters of the addition prescribed certain building restrictions as part of a general scheme for the establishment and development of the addition; that the restrictions constituted part of the covenants prescribed by the original developers and vendors of the lots owned by both appellants and the appellee, and appeared in and constituted a part of the muniments of title to each and all lots in said addition; among others, the following were prescribed, to wit: Residences erected upon said property shall contain not less than 400 square feet of floor space and no sheet metal or corrugated iron shall be used in construction thereof; any building erected upon said property shall be completely finished on the exterior in brick, stucco, or siding; if siding, it shall be painted with not less than two coats of paint before being occupied; no outside toilets may be erected on the property. Appellants also alleged that, although appellee purchased the lots owned by her, with notice both actual and constructive of and subject to said restrictions, she had, in violation of same, constructed a building on the property for residential purposes, having less than 400 square feet of floor space; and, although appellants notified appellee that she had breached the restrictions, and demanded that they be complied with, she

has refused and still refuses so to do, but proceeds to negotiate a sale or lease of her lots without notice of, or the inclusion of said restrictions, in her conveyance. Wherefore appellants prayed for the relief sought as heretofore stated.

After a lengthy hearing, the court refused to issue the temporary writ sought, and filed findings of fact and conclusions of law. Among others, the court found the existence of a general scheme and plan of the addition, substantially as alleged by the appellants; also found that on May 14, 1947, before the instant suit was filed on June 4, 1947, appellee entered into a contract with Irvin J. Flettre and wife to convey by warranty deed Lots 15 and 16 in said addition, on their paying one-half of the agreed purchase price, and that immediately after said contract, the purchasers went into possession of the lots, upon each of which, at the time, there existed a one-story house with 16 x 16 siding; that neither of the houses separately contained 400 square feet of floor space, but that, after the sale contract was entered into, the purchasers moved the two houses together, consolidated them, and made one house having more than 400 (544) square feet of floor space; that the siding was given two coats of paint, and that at the time of trial the purchasers were erecting an outside surface toilet. The court further found that appellee owned two vacant unimproved lots in such addition. The court concluded, as matters of law, that the erection of an outside toilet on the property violated a building restriction, but that such violation was by the purchasers and not by the appellee; therefore, refused to issue the temporary writ.

We do not think the court erred in refusing to grant the temporary writ. As shown in the preceding statement, the lots in question were under an executory contract of sale between appellee and Flettre and wife, who had been placed in possession prior to the institution of the instant suit, and, as against strangers, were owners of the lots. 14 Tex.Jur. p. 893, sec. 117.

The two separate houses on the lots having been consolidated and the siding given two coats of paint, the restriction, in that

respect, was complied with. Although the erection of a surface toilet on the property was in violation of one of the restrictions, yet, such violation being by the purchasers, we do not think an injunction restraining appellee, as prayed, would have been authorized. See Wright v. Wright, Tex.Civ. App., 278 S.W. 925.

Appellants also insist that the court erred in refusing to enjoin appellee from conveying her lots without preserving or reciting the restrictions in her deed of conveyance. It will be noted that according to appellants' allegations, purchasers of lots in said addition would have to take notice of these restrictions, whether recited in the conveyance, or not. Among other things, appellants alleged) "* * * that such re-.strictions, conditions and covenants were asserted and established as a general scheme or plan for the development of the said Home Garden's Addition and were made part of the consideration by the original developers and grantors of plaintiffs' property and of defendant's property; that said restrictions, conditions and covenants appeared in and were part of the muniments of title to each and all of the lots and parcels of land in the Addition aforesaid; * * *." (Tr. page 5.)

With reference to the two lots involved here, the court said: "I find that the deed from the original developers, to the first purchasers of the two lots involved in this lawsuit, contained the restrictions above set out." (Top page 13, Tr.) The rule is well settled that a subsequent grantee of land who takes with notice of a restrictive covenant, binding upon his grantors, is also bound thereby. Such covenants run with the land and are binding independently of any declaration or statement to that effect in the conveyance. (See 12 Tex.Jur., pp. 156, 157, sec. 101.)

Appellants further contend that the court erred in admitting in evidence over their objection the contract of sale between appellee and Flettre and wife; contending that the issue of ownership could not be raised under appellee's unsworn general denial. We cannot assent to appellants' view of this matter. It will be observed that they alleged ownership of Lots 15 and 16 to be in the appellee and sought injunctive relief on that basis. Appellants having tendered the issue of ownership, appellee joined same by her general denial, thus casting upon appellants the burden of proof. See Texas Rule of Procedure No. 92; also 33 Tex.Jur., sec. 210, p. 670. In this situation we do not think the court erred in admitting in evidence the contract of sale or in taxing all costs against appellants. The cross points of error urged by appellee will not be disposed of, as the questions raised properly belong to the trial of the case on its merits. Finding no reversible error, the judgment of the court below is affirmed.

Affirmed.